**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Joseph R. Zapata, Jr., Esq.
Tel. (973) 267-0220
jzapata@msklaw.net
*Attorneys for Steven P. Kartzman, Chapter 7 Trustee*

**Order Filed on November 1, 2016
by Clerk U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>ANTHONY PARDO,<br><br>                      Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Chapter 7<br><br>Case No.: 13-17762 (JKS)<br><br>Honorable John K. Sherwood |

**ORDER RESOLVING MOTION TO VACATE ORDERS**

       The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED**.

**DATED: November 1, 2016**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Debtor:    Anthony Pardo
Case No.:  13-17762
Caption:   Order Resolving Motion to Vacate Orders

---

THIS MATTER having been brought before the Court by the debtor Anthony Pardo (the "Debtor") by motion for entry of an order to vacate the orders dated January 28, 2016 and February 26, 2016 (the "Motion"); and the Trustee and the Debtor having agreed to resolve the Motion on the terms set forth herein and on the record on August 23, 2016, it is hereby

ORDERED AS FOLLOWS:

1. The Debtor has agreed to pay to the Trustee the sum of $20,000 (the "Settlement Amount"), to be paid as follows:

   a. $10,000 to be paid within seven days of the entry of this Order by the Court (the "Initial Payment"); and

   b. $833.33 per month for 12 months, beginning the first month following entry of this Order (the "Monthly Payment", and with the Initial Payment (the "Settlement Payments").

2. The Settlement Amount represents the turnover of property of the estate in the sum of $17,491.43 previously ordered to be turned over by the Debtor by Court Order dated January 28, 2016 and in satisfaction of the Court's Order Pursuant to 11 U.S.C. § 105 (i) Enforcing the Court's Order of July 10, 2015; (ii) Finding the Debtor in Further Civil Contempt; (iii) Awarding Trustee Attorney's Fees and Costs (in the sum of $3,873); and (iv) Imposing Sanctions Against the Debtor. Debtor acknowledges that the failure to pay the Settlement Amount will constitute a failure to obey orders of the Court. Subject to the ability to cure as set forth in decretal paragraph 4 infra, the failure to timely make the required Settlement Payments constitutes grounds for the revocation of discharge pursuant to 11 U.S.C. § 727(d) and the Debtor hereby consents to entry of an order revoking his discharge should he fail to timely make the required Settlement Payments.

Debtor:    Anthony Pardo
Case No.:    13-17762
Caption:    Order Resolving Motion to Vacate Orders

---

3. To the extent that the Debtor fails to make the required Settlement Payments, the Trustee shall file a certification of default with the Court on notice to the Debtor. Should the Debtor fail to cure the default within fourteen (14) days of the filing of a certification of default, the Court shall enter a judgment against the Debtor in the Amount of $30,000, less any amounts previously remitted (the "Judgment Amount"), and shall additionally enter into an order revoking discharge following a hearing on notice to Debtor and counsel.

4. Once payment of the Settlement Amount, or the Judgment Amount if applicable, is received by the Trustee in full, the Trustee will file a notice of abandonment of the estate's interest in the real property located at 123 Colonial Court, Galloway, New Jersey, and will also provide the Debtor with a warrant of satisfaction as to the orders entered on January 28, 2016 and February 26, 2016.

5. Assuming payment of the Settlement Amount in full, the Trustee agrees not to file a complaint objecting to the Debtor's discharge.

6. The parties hereto shall execute any and all documents and pleadings reasonably necessary to implement all of the foregoing provisions.

7. The parties, and anyone who succeeds to their rights and responsibilities hereunder, including their successors and/or assigns, are bound by this Order. This Order is made for the benefit of the parties and all who succeed to their rights and responsibilities.

8. The Bankruptcy Court shall retain exclusive jurisdiction to adjudicate all matters arising under or in connection with this Order.