# MELLINGER KARTZMAN LLC
## ATTORNEYS AT LAW

101 GIBRALTAR DRIVE
SUITE 2F
MORRIS PLAINS, N.J. 07950

Tel: (973) 267-0220
Fax: (973) 267-3979

www.msklawyers.com

LOUIS P. MELLINGER
STEVEN P. KARTZMAN
JUDAH B. LOEWENSTEIN
STEVEN A. JAYSON
SEYMOUR RUDENSTEIN (1933-1983)
JACOB MELLINGER (1928-2001)

OF COUNSEL
WALTER G. LUGER
PETER ROSEN
ROBERT D. ROSEN

Electronic Mail:
skartzman@msklaw.net
jloewenstein@msklaw.net
sjayson@msklaw.net

November 3, 2020

**VIA ECF**
Honorable John K. Sherwood
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
P.O. Box 1352
Newark, New Jersey 07101-1352

    Re:    Anthony Pardo
           Case No. 13-17762 (JKS)

           Hearing Date: November 10, 2020

Dear Judge Sherwood:

As Your Honor is aware, our firm represents Steven P. Kartzman, the Court-appointed Chapter 7 Trustee (the "Trustee") in the above-referenced matter. Kindly accept this letter brief in lieu of a more formal brief in opposition to the Debtor's Motion to Reconsider (the "Motion to Reconsider"), which was filed at Dkt. No. 216 on October 20, 2020.

## FACTS AND PROCEDURAL HISTORY

On August 25, 2020, the Trustee filed a *Motion Pursuant to 11 U.S.C. § 105(a) for the Entry of an Order and Judgment Enforcing the Court's Order of November 5, 2019 Enforcing Order Compelling Compliance with Subpoena in Case Under the Bankruptcy Code, Finding Anthony Pardo in Civil Contempt, and Sanctioning Anthony Pardo* (the "Motion"). The Motion was originally returnable on September 15, 2020. The day before the Motion was set to be heard, Giovanni De Peirro filed a letter on the docket seeking a lengthy adjournment of the Motion due to a recent back injury. Over the Trustee's objection the Motion was adjourned to September 29, 2020. No opposition was filed and on September 29, 2020, a hearing was held wherein the Court determined that the Debtor failed to appear, the Debtor was on notice, the Court had reviewed the Motion, and the Motion was granted. This

resulted in the Court entering an Order Enforcing the Court's Order of November 5, 2019 and Entering Judgment Against Anthony Pardo for Sum Certain which was entered on the docket on October 19, 2020 at Dkt. No. 214 (the "October 19, 2020 Order"). As is apparent from the eleven-page detailed Certification of Steven P. Kartzman (the "Dkt. No. 199-2 Certification"), the Debtor's actions culminating in the Motion did not arise within the past few months, but rather date back to 2015. The Motion, which was filed on August 25, 2020, was based on the Debtor's failure to comply, yet again, with an Order entered ten-months earlier on November 5, 2019. The Dkt. No. 199-2 Certification is incorporated into the Trustee's Opposition.

Anthony Pardo's (the "Debtor") Motion to Reconsider centers around not an error of fact or law, but Counsel's proposition that due to the COVID-19 pandemic they have been unable to familiarize themselves with the facts of this case, since being retained in January or February, 2020. Before proceeding any further, it is paramount for this Court to recall that the subpoena which is the catalyst for the past two years of needlessly expensive litigation in this case was served on August 8, 2018 (the "Subpoena"). The scheduled date of the Motion was in excess of 25 months since the Subpoena was served.

The Motion to Reconsider goes into detail about the Debtor's relationship with his former counsel, Michael Brucki, Esq. ("Mr. Brucki") and allegations of perjury. The Trustee was not a party to the communications between Debtor's current counsel, De Pierro Radding, LLC, and Mr. Brucki and therefore will not speak to these allegations except to point out that an allegation that Mr. Brucki perjured himself at the Deposition on January 29th does not make it so.

Moreover, the Trustee notes that in the past, AJ Napoleon ("Mr. Napoleon"), who is not a licensed attorney, held himself out to be an employee of Mr. Brucki and his firm, and acted on behalf of Mr. Brucki's firm. Following the Court's entry of the October 18, 2018 Order Compelling Compliance with Subpoena (the "October 18, 2018 Order) at Dkt. No 179, Mr. Napoleon belatedly reached out to the Trustee and his counsel to schedule a deposition for the Debtor, which was to be held on August 28, 2019. On that date, Mr. Napoleon appeared at the Trustee's office and stated that Mr. Pardo would not be attending the proceedings. Without Mr. Pardo in attendance, Mr. Napoleon attempted to engage in settlement negotiations in this matter. The Trustee stated that he would not engage in any negotiations with Mr. Napoleon, as he was not a licensed attorney, and until after the Debtor appeared for a deposition in compliance with the October 18, 2018 Order.

Following another motion, this Court on November 5, 2019, entered an Order Enforcing Order Compelling Compliance with Subpoena in Case Under the Bankruptcy Code, Finding Anthony Pardo in Civil Contempt, and Sanctioning Anthony Pardo (the "November 5, 2019 Order") at Dkt. No. 191. Once again, this office worked with Mr. Brucki's firm to schedule a deposition. Mr. Brucki finally scheduled said deposition for January 29, 2020, over 17 months after the Subpoena was served, and 3 months after the November 5, 2019 Order. On that date, Mr. Brucki appeared at our offices and advised that Mr. Pardo was going to appear. After Mr. Kartzman recited on the record that his office and our office had agreed upon the date and time for Mr. Pardo's deposition, Mr. Brucki confirmed those facts and while looking at e-mails between himself and Mr. Pardo stated Mr. Pardo was aware of

the date and time. He also confirmed on the record that Mr. Pardo was aware of the November 5, 2019 Order because Mr. Pardo was in Court for the hearing and because Mr. Brucki provided him with a copy of the November 5, 2019 Order. See pages 4-5 of Deposition Transcript attached as Exhibit D to the Dkt. No. 199-2 Certification.

It is again important to note that since the January 29, 2020 deposition date, neither Mr. Brucki nor Debtor's current counsel has communicated with our office to schedule a deposition of the Debtor in this matter. There have been numerous filings by our office, requests made to the Court, Orders entered by the Court, and the pending Motion to Reconsider, and Debtor still has not appeared for a deposition in this matter, virtually or otherwise.

Once the Substitution of Attorney was filed on February 25, 2020, the Trustee attempted to assist the De Pierro Radding firm in acquainting themselves with this matter. While under no legal obligation to help Debtor's counsel acquaint himself with this case, which of course is available for a complete review on Pacer, the Trustee went above and beyond and sent correspondence on February 28, 2020 by regular mail and e-mail to Giovanni De Pierro ("Mr. G. De Pierro") enclosing a copy of the 2019 Motion for Contempt and November 5, 2019 Order. The correspondence explained that the Debtor failed to attend the January 29, 2020 deposition. The correspondence stated the Trustee would give Mr. G. De Pierro two weeks to familiarize himself with the case and propose a resolution prior to initiating additional enforcement action. A copy of the February 28, 2020 letter can be found at Exhibit E to Dkt. No. 199. The Trustee additionally spoke to Mr. G. De Pierro on or about February 28, 2020 and summarized the history of the case as well as the present status.

The Trustee even went a step further and on March 27, 2020, sent an e-mail to Mr. G. De Pierro explaining that the sanctions were still running as the Debtor had not yet appeared for his deposition, and offered to hold the deposition via video conferencing due to the recent impact of the COVID-19 Pandemic. The Trustee also noted that he was informed that Mr. G. De Pierro would be proposing a settlement of the judgment but had never received any proposals. The Trustee stressed the need to keep the case moving due to extensive time that had already passed, and asked Mr. G. De Pierro to advise as to his intentions. A copy of the March 27, 2020 e-mail can be found at Exhibit F to the Dkt. No. 199 Certification. At no time has anyone from the De Pierro Radding firm attempted to schedule a deposition with our firm to satisfy the Subpoena and subsequent Court Orders. Debtor's counsel had six months to the filing of the Motion, and two months since, yet chose not to comply with this Court's Orders.

## STANDARD OF REVIEW

Debtor moves the Court to reconsider the October 19, 2020 Order. [Dkt. No. 214]. In *In re Energy Future Holdings Corp.*, 904 F.3d 298, 307 (3d Cir. 2018), the Court held that "[t]he Federal Rules of Bankruptcy Procedure do not expressly authorize motions for reconsideration." However, the Court also found that "bankruptcy courts, like any other federal court, possess inherent authority, *see Law v. Siegel*, 571 U.S. 415, 420-21, 134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014), and such authority permits courts to reconsider prior interlocutory orders 'at any point during which the litigation continue[s],' as

Honorable John K. Sherwood
November 3, 2020
Page 4

___

long as the court retains jurisdiction over the case, *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016)." (*Id.*).

Without inherent guidance from the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure, Bankruptcy Courts exercising authority to rule on a Motion for Reconsideration must rely on sound discretion to determine the validity of said motion. In upholding the standard of review of the bankruptcy court, the *In re Energy* Court agreed with the bankruptcy court in holding that "because bankruptcy proceedings 'involve[] the routine entry of interlocutory orders,' . . . parties in bankruptcy cases should not be permitted to relitigate previously decided issues "without good cause." (*Id.* at 311). Therefore, the Third Circuit followed the bankruptcy court and applied FED. R. CIV. P. 59(e) and incorporated by FED. R. BANKR. P. 9023 to the motion for reconsideration. Therefore, motions for reconsideration should:

> be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).
>
> (*Id.*) (alteration in original).

(*see also In re Hinchliffe*, 792 Fed. Appx. 154, 155 (3d Cir. 2020) "A motion to reconsider should be granted 'only where the moving party shows that at least one of the following grounds is present: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" (alteration in original) (citation omitted); *see also United States v. Gates*, No. 17-564, 2020 U.S. Dist. LEXIS 109616, at *4 n.2 (E.D. Pa. Apr. 21, 2020) "the focus of a motion for reconsideration should be 'the gravity and overtness of the [alleged legal] error.'" (citation omitted); *see also Morgan v. Ferguson*, No. 3:19-CV-01179, 2020 U.S. Dist. LEXIS 67660, at *1-2 (M.D. Pa. Apr. 17, 2020) "'[to warrant reconsideration, a petitioner] must show more than mere disagreement with the earlier ruling; [he] must show that the . . . Court committed a direct, obvious, or observable error, and one that is of at least some importance to the larger proceedings.'" (alteration in original) (citation omitted); *see also Courtney v. Williams*, Nos. 16-1200, 15-33283, 2019 Bankr. LEXIS 181, at *2 (Bankr. D.N.J. Jan. 23, 2019)).

## LEGAL ARGUMENT

**DEBTOR'S MOTION FOR RECONSIDERATION SHOULD BE DENIED AS IT FAILS TO ESTABLISH ANY GROUNDS TO GRANT THE RELIEF IT SEEKS**

In support of the Motion for Reconsideration, G. De. Pierro relies on his own certification and "attached" exhibits. A review of the filing establishes that while the certification refers to exhibits, no exhibits are attached to the certification. [*see* Dkt. No. 216]. To rely on such unproduced exhibits is prejudicial to the Trustee.

Debtor's counsel cites the wrong standard in attempting to seek the Court's reconsideration of the October 19, 2020 Order. Debtor's counsel cites to FED. R. CIV. P. 60, which provides for relief from final judgments, orders, or proceedings. However, this matter is ongoing. The relief sought by counsel is interlocutory, not final. As stated above, Courts have determined that FED R. CIV. P. 59 and FED. R. BANKR. P. 9023 is most analogous to the relief sought by debtor, not FED. R. CIV. P. 60 and FED. R. BANKR. P. 9006.

Setting aside this procedural deficiency, and improper legal reasoning, Debtor's motion fails to meet the proper legal standards referenced above.

### *Debtor Fails to Establish an Intervening Change to the Controlling Law*

The controlling law for Trustee's Motion that Debtor now seeks to reverse was 11 U.S.C. §105(a), which states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Courts have continuously upheld their authority to sanction parties pursuant to 11 U.S.C. §105(a). (*see In re Paige*, 365 B.R. 632, 638 (Bankr. N.D. Tex. 2007) "Section 105 of the Bankruptcy Code allows the bankruptcy court to issue any order that is 'necessary or appropriate to carry out the provisions' of the Bankruptcy Code. 11 U.S.C. § 105(a). Consistent with the Supreme Court's decision in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (recognizing district courts' inherent power to sanction), a bankruptcy court's authority under section 105 comports with its inherent power to sanction."; *see also Caldwell v. Unified Capital Corp. (In re Rainbow Magazine)*, 77 F.3d 278, 284 (9th Cir. 1996) "By providing that bankruptcy courts could issue orders necessary 'to prevent an abuse of process,' Congress impliedly recognized that bankruptcy courts have the inherent power to sanction . . . ."; *see also In re Lawrence*, No. 97-14687-BKC-AJC Chapter 7, 2000 Bankr. LEXIS 2249, at *11 (Bankr. S.D. Fla. June 2, 2000) "the plain language of § 105 furnishes bankruptcy courts with 'ample authority to sanction conduct that abuses the judicial process, including conduct that unreasonably and vexatiously multiplies bankruptcy proceedings'" (citation omitted); *see also In re Continental Airlines, Inc.*, 236 B.R. 318, 325 (Bankr. D. De. 1999) *aff'd* 279 F.3d 226 (3d Cir. 2002) (court has inherent authority to enforce its own orders); *see also In re Marcus Hook Dev. Park, Inc., t/a Title Ins. Co.*, 943 F.2d 261, 266 (3d Cir. 1991) (same)).

Debtor provides no Court ruling or statute overturning this precedent granting authority to the Bankruptcy Court to issue sanctions. In *In re Bello*, 528 B.R. 562, 568 (Bankr. E.D.N.Y. 2015) the Court held that:

> **sanctions may be imposed against a party** to an adversary proceeding **for failure to appear at a Rule 2004 examination** in the main case.

Honorable John K. Sherwood
November 3, 2020
Page 6

---

> This is because, in addition to the bankruptcy court's authority to sanction under Fed. R. Civ. P. Rule 37, "it has long been recognized that a bankruptcy court, like all federal courts, has the inherent authority to . . . impose sanctions on parties and professionals that appear before it." In re Khan, 488 B.R. 515, 528 (Bankr. E.D.N.Y. 2013).

(emphasis added).

The local rules of the Bankruptcy Courts for the District of New Jersey are no different. (*see* D.N.J. LBR 2004-1(e) "[i]f the examinee fails to comply with a subpoena issued under subdivision (b) and fails to file a motion under subdivision (d), the party issuing the subpoena may file a motion for an order directing an examination or document production under Bankruptcy Rule 2004"). That is what happened in the matter now before the Court. A FED. R. BANKR. P. 2004 Subpoena was served on the Debtor on or about August 8, 2018. The Debtor failed to comply with the Subpoena. The Trustee moved for an order compelling Debtor's attendance, which was granted by the October 18, 2018 Order. Two years passed since the Court's Order, and Debtor still has not complied with the Subpoena. Debtor cannot establish that the controlling law changed.

### *Debtor Does Not Produce New Evidence that was Not Available When the Court Entered the October 19, 2020 Order*

The second theory upon which a Court may act to grant a motion for reconsideration is if new evidence became available that was unavailable at the time of the hearing. That is not what happened in this matter. The original Motion was granted and filed on October 18, 2018. As the Trustee continually states, that is over two years ago, and more specifically, it is 732 days between when the October 18, 2018 Order was entered and when the Court issued sanctions against Debtor on October 19, 2020. All information sought in the Subpoena was in Debtor's possession, and Debtor was to appear at the Trustee's Office for a deposition. One can only ponder what new evidence was unavailable to the Debtor at the time of the hearing that is now available. The answer is there is none. This is supported by Debtor's counsel's actions following the filing of the Motion on August 25, 2020. [Dkt. No. 199].

When Trustee's counsel filed its August 25, 2020 Motion, the initial return date was September 15, 2020. [Dkt. No. 199]. On September 14, 2020 Debtor's counsel filed an adjournment request seeking an adjournment from September 15, 2020 to October 27, 2020. Trustee's counsel objected to the length of the adjournment. The Court granted, in part, Debtor's attorney's request and adjourned the motion to September 29, 2020. Despite the additional time, Debtor failed to file opposition to the Trustee's motion, and failed to appear on the hearing date. [Dkt. No. 205]. Failing to file opposition or appear at the hearing does not make any evidence "new" evidence.

As to the "evidence" presented by Debtor's counsel, no such evidence exists. The Certification of Debtor's counsel makes reference to exhibits, but none were attached. However, even if the exhibits were attached to Debtor's counsel's Certification, it does not produce new evidence. Per the Certification, the Exhibits are:

1. Exhibit "A" refers to the Order Debtor's motion seeks to be reconsidered;
2. Exhibit "B" is an undated [sic] Substitution of Attorney from February 25, 2020;
3. Exhibit "C" is a copy of a transcript of a January 29, 2020 deposition in which Debtor failed to appear but discussions were had between the Trustee and Debtor's former counsel (same was attached to the Dkt. No. 199-2 Certification as Exhibit D);
4. Exhibit "D" is correspondence from Mr. Napoleon dated May 17, 2019 filed at Docket No. 181; and
5. Exhibit "E" is a copy of undated correspondence sent by Mr. Napoleon to the Trustee stating Debtor's new counsel is De Pierro Radding, LLC.

These five exhibits were available at the time of filing of Trustee's Motion. A review of the dates of said exhibits establish that except for Exhibit "A", the order entered, all exhibits were available to Debtor and Debtor's counsel by February 25, 2020. Being in possession of documents for seven (7) months is not newly discovery evidence that was unavailable at the time of the hearing.

It should also be noted that Debtor's counsel's firm has at least two other attorneys, one of whom filed documents in this matter. It is unclear why no other attorney could have filed opposition or made an appearance at the hearing, and not worth speculating. However, it further establishes that this is not a motion for reconsideration on any meritorious basis.

### *Debtor Cannot Establish the Need to Correct a Clear Error of Law or Fact or to Prevent Manifest Injustice*

The final prong to grant a motion for reconsideration requires a showing by the moving party that the Court made a clear error of law or fact, or that reconsideration is necessary to prevent manifest injustice. Debtor cannot clear this high bar. Debtor's counsel's Certification plainly does not meet these requirements. As it relates to a clear error of law or fact, Debtor's motion fails to discuss such issues. Therefore, this letter brief will not go into great detail on these factors, and will only state that the Court is aware of the history of this over two-year-old Subpoena, and Debtor's failure to comply with same. Debtor cannot establish a manifest injustice occurred by the granting of the Trustee's motion.

While there is no judicial consensus on the definition of "manifest injustice," Courts are in agreement that to establish "manifest injustice" is a difficult burden on the moving party. (*see Ass'n of N.J. Rifle & Pistol Clubs Inc. v. AG N.J.*, 974 F.3d 237 (3d Cir. 2020); *see also In re City of Phila. Litig.*, 158 F.3d 711, 720-21 (3d Cir. 1998); *see also Shearer v. Titus (In re Titus)*, 479 B.R. 362, 367-38 (Bankr. W.D. Pa. 2012); *see also N.J. Dep't of Envtl. Prot. v. Occidental Chem. Corp. (In re Maxus Energy Corp.)*, 571 B.R. 650, 655 (Bankr. D. Del. 2017)). Debtor's Motion fails to establish a "manifest

injustice," nor could it.

A review of the procedural and factual history establishes that Debtor has incurred no injustice, let alone "manifest injustice." Rather, it is the Trustee who has suffered injustice, as it has taken over two (2) years, and numerous motions, and the Debtor still has not appeared in response to a FED. R. BANKR. P. 2004 Subpoena from 2018. Debtor's motion for reconsideration fails on every level to warrant consideration by this Court.

The Trustee expended extraordinary effort, at great cost and time to himself, to move this case along and assist Mr. G. De Pierro to expedite the satisfaction of this now two-year-old Subpoena. Debtor's counsel needed only to communicate, and a deposition could have been scheduled. This case involves a Debtor who has been wholly non-compliant with the Trustee and has made a mockery of the eight orders compelling compliance and enforcing prior orders entered between February 2015 and October 2020. It is high time to put a stop to this impertinence.

## CONCLUSION

Wherefore, it is respectfully requested the Court deny Debtor's Motion for Reconsideration.

Respectfully yours,

JUDAH B. LOEWENSTEIN, ESQ.

JBL/SAJ

cc:  Giovanni De Pierro, Esq. (via ecf and e-mail)
     Alberico De Pierro, Esq. (via ecf and e-mail)