# DE PIERRO RADDING, LLC

## ATTORNEYS AT LAW



**317 Belleville Avenue**
**Bloomfield, New Jersey 07003**
**Tel: 973.748.7474**
**Fax: 973.748.0765**

*Giovanni De Pierro, Esq.*
Managing Partner
Email: gdepierro@depierrolaw.com

November 5, 2020

***Via Electronic Filing***
The Hon. John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

<div align="center">

**Re:    I/M/O Anthony Pardo, Chapter 7 Debtor**
**Case No: 13-17762(JKS)**

</div>

Dear Judge Sherwood:

This law firm represents the Debtor, Mr. Anthony Pardo, *(the "Debtor")* in relation to the above matter. Please accept this letter brief in lieu of a more formal submission in support of the Debtor's cross motion for (a) quantification of Trustee, Steven P. Kartzman's *(the "Trustee")* Judgment(s) and the basis for the origination of these debts, (b) clarification of, *inter alia*, the Court's November 5, 2019 decision, (c) an Interim Accounting of the Estate by the Trustee for his tenure as Trustee, (d) Certifications of Services by the Trustee and Mellinger & Kartzman, LLC pursuant to R.P.C. 1.5 and in compliance with § 329 and <u>R.</u> 2016, (e) the Vacation of all Orders and Judgments the Estate and/or Trustee obtained against the Debtor and (f) reconsideration of the Court's October 19, 2020 Order *(the "Clarification, Reconsideration and Vacation Motions")*.

### Preliminary Statement

As the Court is aware, this is a tortured 2013 case that was improperly filed with no ostensible benefit to any of the interested parties and has been ongoing for the better part of eight (8) years. I have reviewed the Trustee's submissions in opposition to the Debtor's requested relief and discovered many misstatements, misrepresentations and mischaracterizations contained therein. First and

# DE PIERRO RADDING, LLC

ATTORNEYS AT LAW

November 5, 2020
Page 2

foremost, due to our current challenging times because of the devastating COVID-19 pandemic, which has ravaged our country and upended every aspect of our lives and businesses, we find ourselves in unprecedented circumstances and situations. Inevitably, it is taking some time to make the adaptation to these everchanging tragic circumstances. For brevity sake, this submission is limited to the instant issues before the Court relating to its' subject December 5, 2016 Order and subsequent November 5, 2019 and October 19, 2020 Orders, without reciting the protractive tortured history of this case.  (Exhibit "**A**")[1]

## Statement of Facts and Legal Argument

The issue pertaining to reconsideration is in the interests of justice, especially since the amount of twenty six thousand one hundred dollars ($26,100) in controversy is even greater than the judgment the Trustee seeks to enforce. Moreover, the Trustee's claim to entitlement of the aforesaid sanctions is primarily based on and limited to an alleged email the Trustee sent the undersigned on March 27, 2020 during the nationwide shutdown while our office was closed and never received same. It should also be noted that nowhere in the Trustee's moving papers or otherwise, did the Trustee or his counsel, indicate that our firm was telephonically or otherwise contacted to confirm that our firm, in fact, received the email or made any further attempts to schedule any deposition(s) or attempt to expedite this case. Consequently, the Trustee's entire motion revolves around and is entirely based on an email that may be floating around in cyberspace.

Furthermore, the Debtor did comply with the Court's Order to the best of his ability and produced a substantial amount of financial records within the short time frame set forth in the Court's November 5, 2019 Order, despite ineffective assistance of former counsel. Additionally, this case has caused the Debtor to become very distressed over years of litigation between the Trustee and prior counsel dating back to when the Hon. Novalyn L. Winfield, U.S.B.J. presided over this matter. Due to this fact, the Debtor appointed Anthony J. Napoleon as his agent to act on his behalf who never proclaimed to be the Debtor's attorney and has only been trying to facilitate the Debtor's compliance with the Court's Orders and ultimately resolve the case. (Exhibit "**B**")

---

[1] References in this letter brief to "Exhibit" are to the exhibits annexed to the Certification of Counsel.

# DE PIERRO RADDING, LLC

ATTORNEYS AT LAW

November 5, 2020
Page 3

This is demonstrated in Mr. Napoleon's correspondence to the Trustee advising that Mr. Pardo has retained De Pierro Radding, LLC to represent the Debtor in this matter while attempting to coordinate a mutually convenient time and place for Mr. Pardo's deposition, wherein Mr. Napoleon specifically states that Mr. Pardo had "*retained De Pierro Radding, LLC*" to represent him and "*In furtherance of the Hon. John K. Sherwood, U.S.B.J.'s directive, please provide alternate dates and times with your availability so we may complete Mr. Pardo's deposition in a timely manner.*" (Exhibit "**C**") It should further be noted this correspondence was sent prior to the Debtor's former attorney, Mr. Brucki, unilaterally electing to being deposed by the Trustee. In light of the foregoing and since the Trustee was advised, as Mr. Kartzman acknowledges, in writing that the Debtor was trying to participate in a deposition and retained alternate counsel, the tenuous basis for the Trustee's motion for sanctions must be rejected by the Court and sanctions denied.

Finally, pursuant to Bankruptcy Rule 9016 which adopts Federal District Court Rule 45, including requirements of service, section (b) entitled "*Service*" specifically states "....*serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law....*" Similarly, New Jersey State Court R. 1:9-3 entitled "*Service*" also mandates that "*Service of a subpoena shall be made by delivering a copy thereof to the person named together with tender of the fee allowed by law, except that if the person is a witness in a criminal action for the State or an indigent defendant, the fee shall be paid before leaving the court at the conclusion of the trial by the sheriff or, in the municipal court, by the clerk thereof. A subpoena which seeks only the production of documents or records may be served by registered, certified or ordinary mail and, if served in that manner, shall be enforceable only upon receipt of a signed acknowledgement and waiver of personal service.*"

In this case the Trustee sought testimony in addition to the documents the Debtor previously produced for the Trustee. And, although the Debtor was cooperative with the Trustee regarding attending a deposition, the Debtor was never personally served with the subpoena, thus rendering the Trustee's subpoena ineffective, deficient and unenforceable.

# DE PIERRO RADDING, LLC
### ATTORNEYS AT LAW

November 5, 2020
Page 4

## The Debtor's Motion for Clarification and Vacation

Over the course of the Trustee's tenure administrating this tortured 2013 case, the Estate's administration has been almost entirely comprised of litigation relating to a business interest named, Great Escapes, LLC. The aforesaid entity is clearly not a sole proprietorship, has its' own tax identification number and is an entity in and of itself, separate and distinct from Mr. Pardo individually, the Debtor in this matter. The Great Escapes, LLC business interest has never been managed by the Trustee in this case and due to a serious personal injury lawsuit, recently became the Debtor in separate bankruptcy proceedings under Case No. 20-21002-VFP. The Trustee in that case is Jeffrey Testa, Esq. of McCarter & English, LLP and is required to investigate the entity's affairs.

As the Court is aware, this tortured 2013 case was filed as an individual petition on behalf of Mr. Pardo individually as the sole Debtor and this case must be limited to Mr. Pardo's individual assets and debts. Due to the course of the litigation and claims in this case, the Debtor must seek clarification as to the Court's November 5, 2019 order relating to the settlement(s) pertaining to the Debtor's debt(s) to the Trustee. It is equally crucial that this Court clarify the basis of said judgment(s) entered in this matter including but not limited to the Trustee's pursuit of the Great Escapes' business' equipment and supply an accounting of same from inception to date. This is critical so the Great Escapes Debtor can provide that Court and Trustee with a clear view of the entire corpus of Great Escapes' Estate since it appears some of its' assets were co-mingled in this case.

After reviewing the Trustee's opposition to the Debtor's instant motion for clarification, it likely seems most of the issues in this case are more appropriately adjudicated as part of the ongoing Great Escapes' pending litigation. Additionally, after reviewing the transcript from the November 5, 2019 hearing, this Court clearly stated "*equity that the payment by the parents of the $9,500 should be credited against the judgment…. From an equitable standpoint I think I see your point.*" page 32, lines 15 to 18. (Exhibit "**D**") Thereby granting Mr. Pardo, the Debtor herein, a credit in the amount of nine thousand five hundred dollars ($9,500.00) against a judgment the Trustee obtained as the product of unauthorized negotiations with prior counsel. That amount is equivalent to the settlement in a companion matter between the Trustee and the Debtor's parents, entitled Josephine Pardo and Rocco Pardo v. Mellinger, et al., bearing Adversarial Case No. 17-1259-JKS.

**DE PIERRO RADDING, LLC**

ATTORNEYS AT LAW

November 5, 2020
Page 5

It must be noted that settlement between the Trustee and prior counsel was entered into without the Debtor's knowledge or consent and outside his presence, albeit the Debtor was in the Courthouse while counsel placed the agreement in controversy on the record. Because the Debtor was instructed to wait in a conference room and had no idea that counsel was even in the Courtroom. It must further be noted that the Trustee's settlement in the Adversarial Action post dates the judgement and accompanying settlement agreement with the Debtor's parents regarding the condominium litigation. In any scenario, it is my understanding that for unknown reasons, this case culminated in a judgment to the Trustee for thirty thousand dollars ($30,000.00) less nine thousand five hundred dollars ($9,500.00) which reduces the judgment to twenty thousand five hundred dollars ($20,500.00).

The within Trustee stated in opposition to the Debtor's motion that this Estate presently has twenty one thousand three hundred twenty eight dollars and seventy nine cents ($20,328.79). Then, after deducting the claim from Discover Bank for approximately three thousand dollars ($3,000.00), there is seventeen thousand three hundred and twenty eight dollars and seventy nine cents ($17,328.79) remaining. These remaining funds must be bifurcated between the Estate for the Great Escapes' business interest and the within individual Estate this Trustee is administering with any surplus paid to the Debtor.

## Conclusion

In closing, it is imperative this Court intervene and clarify the course of dealings and litigation in this matter, so the administration of the two (2) Debtors' Estates can proceed without the Debtors' rights being subjected to protractive litigation. The Debtor in this case has complied with this Estate's Trustee during a global pandemic, supplied a plethora of financial records to the Estate per the Court's and the Trustee's directives and it is clear the record is full of evidence detailing the Debtor's good faith efforts. Therefore, the Debtor requests that the Court deny the Trustee's motion for sanctions and contempt in its entirety and enter an order granting the relief sought in the Debtor's Clarification and Vacation motions.

# DE PIERRO RADDING, LLC

ATTORNEYS AT LAW

November 5, 2020

Page 6

We look forward to the final resolution of the issues. Your Honor's time, courtesies and cooperation are greatly appreciated.

Respectfully Submitted,

*/s/ Giovanni De Pierro*
Giovanni De Pierro

cc:    Anthony Pardo
Anthony J. Napoleon
Steven P. Kartzman, Esq.
Judah Loewenstein, Esq.
Joseph Zapata, Jr., Esq.
All parties of record.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004

Giovanni De Pierro, Esq.
DE PIERRO RADDING, LLC
317 Belleville Avenue
Bloomfield, New Jersey 07003
Ph. (973) 748-7474
Attorneys for Anthony Pardo,
Chapter 7 Debtor

In Re:

ANTHONY PARDO,

        Debtor.

Chapter: 7

Case No. 13-17762 (JKS)

Hearing Date: November 10, 2020

Judge: The Hon. John K. Sherwood, U.S.B.J.

    I, Giovanni De Pierro, being of full age and duly sworn upon my oath, hereby certify as follows:

1.     I am an attorney at law of the State of New Jersey and Attorney for the Debtor, Anthony Pardo, (the "Debtor" or "Mr. Pardo").

2.   As such, I have been entrusted with the management of the above matter and have actual knowledge of the facts as set forth herein. I'm making this certification in support of the Debtor's Clarification, Reconsideration and Vacation Motions and in opposition to the Trustee's motion, to find the Debtor in contempt, impose sanctions and for attorneys' fees.

3.   Annexed hereto as exhibits are true copies of the following:

      (a)    A copy of the Court's December 5, 2016, November 5, 2019 and October 19, 2020 Orders;

      (b)    A copy of Mr. Pardo's Agent, Mr. Napoleon's October 2020 letters to the Court regarding the disposition of the case;

      (c)    A copy of Mr. Pardo's Agent, Mr. Napoleon's letter to the Trustee relating to ongoing representation and scheduling of the Debtor's deposition;

(d)    A redacted copy of the transcript of the Court's November 5, 2019 hearing in this matter;

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully Submitted,

Dated: 11-5-2020

*/s/ Giovanni De Pierro*
Giovanni De Pierro

# Exhibit A

**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Joseph R. Zapata, Jr., Esq.
Tel. (973) 267-0220
jzapata@msklaw.net
*Attorneys for Steven P. Kartzman, Chapter 7 Trustee*

Order Filed on December 5, 2016
by Clerk U.S. Bankruptcy Court
District of New Jersey

|  |  |
|---|---|
| In re:<br><br>ANTHONY PARDO,<br><br>        Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Chapter 7<br><br>Case No.: 13-17762 (JKS)<br><br>Honorable John K. Sherwood |

### JUDGMENT AGAINST THE DEBTOR FOR SUM CERTAIN
### AND DENYING THE DEBTOR'S DISCHARGE PURSUANT TO
### THE COURT'S ORDER RESOLVING MOTION TO VACATE ORDERS

  The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: December 5, 2016**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2 of 2
Debtor:      Anthony Pardo
Case No.:    13-17762 (JKS)
Caption:     Judgment Against the Debtor Pursuant to the Court's Order Resolving Motion to Vacate Orders for
             Sum Certain and Denying the Debtor's Discharge

THIS MATTER having been brought before the Court by Steven P. Kartzman, the

Chapter 7 Trustee (the "Trustee"), by and through his attorneys Mellinger, Sanders & Kartzman,

LLC, on the Certification in Support of the Request for Judgment Against the Debtor Pursuant to

the Court's Order Resolving Motion to Vacate Orders for Sum Certain and Denying the Debtor's

Discharge (the "Certification"); and notice of the Certification having been duly served; and the

Court having considered the arguments of the parties, if any, and good cause having been shown,

it is hereby

        ORDERED AS FOLLOWS:

        1.      Judgment be, and is hereby, entered in favor of the Trustee and against the Debtor

for $30,000.

        2.      To the extent that the Debtor has received a discharge, judgment be, and is

hereby, entered in favor of the Trustee revoking the Debtor's Chapter 7 discharge.

        3.      To the extent that a discharge has not previously been granted to the Debtor,

judgment be, and is hereby, entered denying the Debtor a discharge.

        4.      A copy of this Judgment shall be served on the Debtor and Debtor's counsel

within five (5) days from the date hereof.

**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Steven P. Kartzman, Esq.
Tel. (973) 267-0220
*Attorneys for Trustee, Steven P. Kartzman*

Order Filed on November 5, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey

|  |  |
|---|---|
| **In re:**<br><br>**ANTHONY PARDO,**<br><br>                     **Debtor.** | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Chapter 7<br><br>Case No. 13-17762 (JKS)<br><br>The Honorable John K. Sherwood |

### ORDER ENFORCING ORDER COMPELLING COMPLIANCE WITH SUBPOENA IN CASE UNDER THE BANKRUPTCY CODE, FINDING ANTHONY PARDO IN CIVIL CONTEMPT, AND SANCTIONING ANTHONY PARDO

The relief set forth on the following page, numbered two (2), is hereby

**ORDERED**.

**DATED: November 5, 2019**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2 of 3
Debtor:           Anthony Pardo
Case No.:         13-17762 (JKS)
Caption:          Order Enforcing Order Compelling Compliance with Subpoena in Case Under The Bankruptcy
                  Code, Finding Anthony Pardo in Civil Contempt, and Sanctioning Anthony Pardo

---

This matter having been brought before the Court by Mellinger, Sanders & Kartzman,

LLC, attorneys for Chapter 7 Trustee, Steven P. Kartzman (the "Trustee"), on Notice of Motion

for the entry of an Order Pursuant to 11 U.S.C. § 105 (i) Enforcing the Court's Order of October

18, 2018; (ii) Finding the Debtor in Further Civil Contempt; (iii) Awarding Trsutee Attorney's

Fees and Costs; and (iv) Imposing Sanctions Against the Debtor (the "Motion"); and good cause

having been shown, it is hereby

**ORDERED AS FOLLOWS**:

1.      Anthony Pardo shall comply with the terms of the Order Compelling Compliance

with Subpoena in Case Under the Bankruptcy Code and for Sanctions (Dkt #179) within ten (10)

days from the date of this Order, and shall appear for a Rule 2004 deposition within twenty (20)

days from the date of this Order.

2.      Anthony Pardo, having knowingly failed to comply with a valid order of this

Court, is found to be in civil contempt. Sanctions shall be imposed against Anthony Pardo as

follows: (i) Anthony Pardo shall pay to the Trustee the sum of $100 per day if he does not produce all

of the documents requested in Schedule A to the Subpoena or if he fails to appear for a deposition by the

deadlines set forth above; and (ii) Anthony Pardo shall pay the Trustee $500 for the costs of this Motion.


3.      A copy of this Order shall be served on all parties hereto within three (3) days from
the date hereof.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

Anthony Pardo,

                    Debtor.

Order Filed on October 19,2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.:    13- 17762-JKS

Chapter:    7

Judge:    Hon. John K. Sherwood

### ORDER ENFORCING THE COURT'S ORDER OF NOVEMBER 5, 2019 AND ENTERING JUDGMENT AGAINST ANTHONY PARDO FOR SUM CERTAIN

The relief set forth on the following page is hereby **ORDERED**.

DATED: October 19, 2020

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2

| | |
|---|---|
| Debtor: | Anthony Pardo |
| Case no.: | 13-17762-JKS |
| Caption of Order: | Order Enforcing The Court's Order of November 5, 2019 and Entering Judgment Against Anthony Pardo for Sum Certain |

**THIS MATTER** having been brought before the Court by motion of Steven P. Kartzman, the court-appointed Chapter 7 Trustee (the "Trustee"), by and through counsel, Mellinger Kartzman LLC, for entry of an Order and Judgment enforcing the Court's Order of November 5, 2019 (the "Motion"); and it appearing that notice of the Motion has been duly served upon the parties concerned; and the Court having considered the pleadings in support of the Motion; and the Court having considered opposition to the Motion, if any;[1] and good and sufficient cause existing for entering the within Order; it is hereby

**ORDERED AS FOLLOWS**:

1. Based upon sanctions imposed by Order entered November 5, 2019, and accrued as of August 7, 2020, Judgment be, and is hereby, entered in favor of the Trustee and against Anthony Pardo in the sum of $26,100.

2. The Trustee shall serve a copy of this Judgment on all interested parties within five (5) days from the date of entry.

---

[1] The Court has seen various correspondence filed by both Debtor's counsel and counsel to the Trustee following the hearing, but will not consider them because they are improper and untimely. The Court will consider the cross-motion filed by the Debtor on October 13, 2020 during the hearing scheduled for November 10, 2020. If the Debtor has good faith basis to seek relief from this Judgment or any other Order of the Court, he must follow the procedures set forth in the Bankruptcy Rules.

# Exhibit B

Anthony J. Napoleon
1919 Kennedy Boulevard, 2nd Fl.
North Bergen, New Jersey 07047
Ph. (201) 214.5574


October 14, 2020

**VIA ELECTRONIC FILING
& EMAIL TO: CHANBERS_OF_JKS@NJB.USCOURTS.GOV**
The Hon. John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07

> RE:   **I/M/O Anthony Pardo, Chapter 7 Debtor
> Case No. 13-17762-JKS
> Josephine Pardo and Rocco Pardo v. Steven P. Kartzman, et al.
> Adv. Case No. 17-1259-JKS**

Dear Judge Sherwood:

I am the agent for Anthony Pardo in relation to the above matters, a copy of Mr. Pardo's Power of Attorney is attached. In that capacity, this letter is being sent to update the Court and more so to express my sincerest respect and gratitude for Your Honor's and the Court's Staff's time and consideration throughout the pendency of this 2013 case. This letter is also being sent to humbly request Your Honor's help settling this matter by mandating the parties participate in good faith mediation prior to engaging in a blizzard of messy, expensive and protractive litigation.

In an effort to update the Court, Mr. Kartzman and Mr. De Pierro began settlement negotiations, however, this case is not going to settle quickly enough to avoid litigation unless the Court intervenes. I would further like to advise that because of the Court's aforesaid consideration and more specifically, my utmost respect for Your Honor and Your Honor's staff, I will do whatever it takes to assist facilitating a settlement. Even if that means a marathon mediation, I will be the first person there and will not leave until the case is settled.

In the event it pleases Your Honor, I'd like to suggest and if same is acceptable to the parties, I will arrange for mediation with the Hon. James D. Clyne, P.J.Ch. (Ret.) of Benchmark Resolutions. I have known Judge Clyne since 2004, when he partly presided over my late father's estate and hotly contested litigation between Wilentz, Gold & Spitzer, P.C. and Bathgate, Wegner & Wolf, P.A., among a litany of firms. After my late mother's and father's sudden and tragic passing on or about September 11, 2001 and May 7, 2004 respectively, I was forced to argue my first motion hearing before Judge Clyne by myself when I was twenty three (23) years old. The case before Judge Clyne involved my rights to a Medical Arts building next to the hospital in Brick Twp. and two (2) apartment buildings in Hoboken, with over one hundred and twenty four (124) units on Newark Street. And one (1) sixty eight (68) unit apartment building on Washington Street next to Trump Plaza in Jersey City, and a lot of other real estate.

Naturally, in light of the amount in controversy, that matter was very complex and contested. I'll admit at 23 years old I may have been a little intimidated by the Senior Partners at Bathgate and nervous, but I still felt it was important to fight for what I believed was fair. There were eight (8) different law firms arguing at that marathon hearing and despite everyone's contentious attitudes, Judge Clyne ensured everyone was treated fairly and impartially, including me thus saving my estate. A copy of Judge Clyne's March 4, 2004 Order and attached roster of attorneys/firms together with Judge Clyne's CV is annexed for the Court's reference. I also have a copy of the transcripts, that I will provide the Court's upon request.

Ultimately, Judge Clyne was able to resolve that untenable situation and I am confident he is the parties best chance to settle this 2013 case before Mr. Pardo and Mr. Kartzman incur additional expense making a settlement that much more difficult and unlikely. Should Your Honor have any questions or concerns, please do not hesitate to contact the undersigned at the Court's earliest convenience. Your Honor's time and courtesies in this matter are incredibly appreciated.

Respectfully Submitted,

*/s/ Anthony J. Napoleon*

cc:    Anthony Pardo
       Giovanni De Pierro, Esq.
       Steven Kartzman, Esq.
       Michael Brucki, Esq.
Encl.

7/27/2019                          Benchmark Resolutions LLC

## JUDGE JAMES D. CLYNE
*Retired*



**Benchmark**
RESOLUTION SERVICES, LLC

○ 53 S. Union Streeet   ○ Lambertville, NJ 08530   ○ T. 609.752.0003   ○ F. 609.752.0004
✦ www.benchmarkresolutions.com (http://www.benchmarkresolutions.com)
✦ jdc@benchmarkresolutions.com (mailto:jdc@benchmarkresolutions.com)

Dedicated to providing independent and responsive alternate dispute resolution and complex case
management services to the Bar, the Bench and the public.

# JUDGE JAMES D. CLYNE, RETIRED

### DISPUTE RESOLUTION SERVICES

Judge Clyne, retired, founded Benchmark Resolution Services, LLC
on February 3, 2006, the day after he retired from the bench.



Since that date, Judge Clyne, has functioned as a Mediator,
Arbitrator, Discovery Master in over 700 cases. These cases have
involved personal injury, contracts, product liability, construction
issues, estates, dissolution of businesses, alleged violation of the
Law Against Discrimination and related statutes, medical
malpractice, legal malpractice, environmental issues with related
insurance coverage issues, employment, many types of land use
matters as well as numerous other types of litigation and pre-
litigation matters.

Judge Clyne has participated in dispute resolution efforts
throughout New Jersey, as well as in the New York and
Philadelphia metropolitan areas.

### JUDICIAL SERVICES

Prior to his retirement, Judge Clyne served as a New Jersey Superior Court Judge for over 22 years. During
his ten year tenure as Ocean County's Civil Presiding Judge, he was ranked in the New Jersey Law Journal
as being among the top ten judges in the state in "ability to foster settlement" and "ability to handle
complex cases."

Judge Clyne spent the last seven years of his tenure as Presiding Judge of the Chancery Division, Ocean
County. During his career he served as Chair of the statewide Conference of Civil Presiding Judges and as
Chair of the statewide Conference of General Equity and Probate Judges. He also served in the Family
Division and Probate Part.

During his Judicial tenure, Judge Clyne participated in the resolution of thousands of cases involving
personal injury, construction, breach of contract, corporate disputes, dissolution of businesses, medical
malpractice, land use, title to real property, foreclosure, family matters, etc.

### MEDIATION TRAINING

7/27/2019                                                    Benchmark Resolutions LLC

Judge Clyne completed mediation training at Harvard University and The National Judicial College. He also completed specialized training in the area of mediation of land use disputes at the Lincoln Institute in Cambridge, Massachusetts.

### LAW PRACTICE

Prior to serving in the judiciary, Judge Clyne was in general practice which included personal injury, business transactions, family matters and appearances before zoning and planning boards. While practicing law, Judge Clyne taught Business Law at Ocean County College.

### EDUCATION

He received his B.A. degree from Hobart College and his J.D. degree from Rutgers University, Newark where he was an editor of the Law Review.

Judge Clyne is not affiliated with any law firm. He looks forward to serving the bar in all areas of alternate dispute resolution and complex case management. He is willing to travel to accommodate counsel and their clients.

- Judge Clyne's Home Page (jdc.html)   - Judge Serpentelli's Home Page (eds.html)
- Judge Buczynski's Home Page (fab.html)   - Benchmark Resolutions Home Page (index-old1.html)

© 2018 - Benchmark Resolutions Services, LLC.

In Re: 26 Crane Way
Toms River NJ 08753

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
GENERAL EQUITY/PROBATE
OCEAN COUNTY
DOCKET NO. OCN C-128-04
E-
P-

**Plaintiffs**

-vs-

FILED

MAR – 4 2005

JUDGE CLYNE

**Defendants**

**ORDER**

THIS MATTER, having been brought before the Court, and the Court having ascertained that the following determinations are warranted and appropriate,

IT IS, on this **4** day of **March** 2005

ORDERED as follows:

① The listing of 26 Crane be terminated and the pending contracts are not approved until further order of this Court

② James J. Curry, Esq. is substituted for Mark Anderson as attorney for the Estate of Napoleon.

③ A. J. Napoleon, Pro Se is substituted for Russ Fielding, Esq. and shall receive all court notices.

④ The mail for Peter O'Brien shall be forwarded to Joel Davies, Esq.

THE UNDERSIGNED HEREBY CONSENT TO THE FORM AND ENTRY OF THIS ORDER.

PAGE 1 OF **2**

JAMES D. CLYNE, P.J.Ch.

(on behalf of Brick Professionals LLC)

**COUNSEL OR PRO SE SIGNATURE**

James J. Curry

**COUNSEL OR PRO SE SIGNATURE**

**COUNSEL OR PRO SE SIGNATURE**
Joel C. Davies, Freeholder

**COUNSEL OR PRO SE SIGNATURE**

Susan M. Markenstein
Bathgate, Wegener & Wolf -
on behalf of Brick Professionals

James J. Curry
Administrator CTA (Napoleon Est.)

Joel A. Davies
On behalf of Peter O'Brien

Edward J. Bowen
Estate of Josephine O'Brien

Mark S. Anderson
Estate of Anthony Napoleon

Anthony J. Napoleon Jr. on behalf of
myself.

John G. Ducey
Court Appointed Receiver of 26 Crane Way Property

# POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS:

That I, Anthony Pardo, (hereinafter the *"Principal"* in this instrument) residing at 235 Rahway Avenue, in the City of Elizabeth, County of Union and State of New Jersey designate Anthony J. Napoleon, as my attorney-in-fact and agent (hereinafter the *"Agent"* in this instrument) in my name and for my benefit:

1. <u>General Grant of Power.</u> To exercise or perform any act, power, duty, right or obligation whatsoever that I now have or may later acquire, relating to any person, matter or transaction, including, without limitation, the power and authority to do everything necessary in exercising any of the powers granted in this instrument as fully as I might or could do if personally present, with full power of substitution or revocation. I, by this instrument, ratify and confirm all that my Agent shall lawfully do or cause to be done by virtue of this Power of Attorney and the powers herein granted. Without in any way limiting the generality of the foregoing, I grant my Agent the following powers:

a. <u>Powers of Collection and Payment.</u> To forgive, request, demand, sue for, recover, collect, receive, hold any sums of money, debts, dues, commercial paper, checks, drafts, accounts, deposits, legacies, bequests, devises, notes, interests, stock certificates, bonds, dividends, certificates of deposit, annuities, pensions, profit sharing, retirement, Social Security, insurance and other contractual benefits and proceeds, all documents of title, all property, real or personal, intangible property and property rights, and demands whatsoever, liquidated or unliquidated, now or later owned by, or due, owing, payable or belonging to me or in which I have or may later acquire an interest; to have, use, and take all lawful means and equitable and legal remedies and proceedings in my name for the collection and recovery thereof, and to adjust, sell, compromise, and agree for the same, and to execute and deliver for me, on my behalf, and in my name, all endorsements, releases, receipts, or other sufficient discharges for the same.

b. <u>Business Interests.</u> To conduct or participate in any lawful business of whatever nature for me in my name; execute partnership agreements and amendments thereto; incorporate or dissolve any business; elect or employ officers, directors, and agents; carry out the provisions of any agreements for the sale of any business interest or the stock therein; and exercise voting rights with respect to stock, either in person or by proxy, and exercise stock options.

c. <u>Litigation.</u> To represent me in any and all matters requiring representation in any Municipal, State or Federal court proceeding, including authority to file claims on my behalf and to answer and defend claims against me.

2. <u>Takes Effect Regardless of Disability.</u> This Power of Attorney shall not be affected by subsequent disability or incapacity of the principal, or lapse of time.

3. <u>Third-Party Reliance.</u> Third parties may rely upon the representations of my Agent as to all matters relating to any power granted to my Agent, and no person who may act in reliance upon the representations of my Agent or the authority granted to my Agent shall incur any liability to me or my estate as a result of permitting my Agent to exercise any power. Any third party may rely on a duly executed counterpart of this instrument, or a copy certified by my Agent to be a true copy of the original of this instrument, as fully and completely as if such third party had received the original of this instrument.

4. <u>Revocation.</u> I revoke all of my previous Powers of Attorney and direct that said previous powers of attorney shall have no legal effect, even though an original or copy may still be in existence.

5. <u>Interpretation and Governing Law.</u> This instrument is to be construed and interpreted as a Power of Attorney. The enumeration of specific powers in this instrument is not intended to, nor does it, limit or restrict the general powers granted in this instrument to my Agent. This instrument is executed and delivered in the State of New Jersey, and the laws of the State of New Jersey shall govern all questions as to the validity of this power and the construction of its provision.

IN WITNESS WHEREOF, I have set my hand and seal to this instrument on _____ June    17 _____, 2019.

Witness:

_____
       Christian Pardo

_____
Anthony Pardo, Principal

STATE OF NEW JERSEY}
                                          ss:
COUNTY OF  Union    }

I certify that on June 17 2019 , 2019 Anthony Pardo personally came before me and acknowledged under oath, to my satisfaction, that he a) is named in and personally signed this document; and b) signed, sealed and delivered this document as his act and deed.

_____
NOTARY PUBLIC

Page 2 of 2

KAREN DELGADO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 22, 2023

Anthony J. Napoleon, Jr.
1919 Kennedy Boulevard, 2nd Fl.
North Bergen, New Jersey 07047
Ph. (201) 214.5574
Email: AJ278@aol.com

September 30, 2020

*VIA ELECTRONIC FILING*
*& EMAIL TO: CHAMBERS OF JKS@NJB.USCOURTS.GOV*
The Hon. John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

<div style="text-align:right">

RE:  **I/M/O Anthony Pardo, Chapter 7 Debtor**
**Case No. 13-17762-JKS**
**Josephine Pardo and Rocco Pardo v. Steven P. Kartzman, et al.**
**Adv. Case No. 17-1259-JKS**

</div>

Dear Judge Sherwood:

I'm the Agent for Anthony Pardo in relation to the above matters, a copy of Mr. Pardo's Power of Attorney is attached. In that capacity, this letter is being sent to humbly beg that Your Honor to please do not enter an Order sanctioning Mr. Pardo without allowing Mr. Pardo and I the opportunity for Oral Argument and to respond to the Trustee's motion for sanctions. I have been involved in this matter since 2013 when the Hon. Novalyn L. Winfield, U.S.B.J. was presiding over this case, prior to her retirement, and I was working with Michael Brucki, and unfortunately am intimately familiar.

This case was improperly voluntarily filed as an individual Chapter 7 Petition possibly in order to accomplish discharging potential liability relating to a single-family home loan and nominal credit card debt. Moreover, the credit card debt is mostly due to Husquervana which was a creditor of Mr. Pardo's then business interest, Great Escapes, LLC and not even Mr. Pardo individually, albeit this is an individual petition. That debt was fifteen thousand dollars ($15,000.00). Further, as I am sure Your Honor is aware, it is highly unlikely and almost never happens, that a lender pursues a deficiency judgment against an individual borrower in these situations. And, in any scenario, would in all likelihood, happily pay Mr. Pardo for a Deed in foreclose to avoid messy and expensive litigation and greatly prefer to simply dispose of the collateral.

There has been absolutely no benefit to the Debtor or the Bankruptcy Estate, and the filing of this petition only created unnecessary protractive acrimonious litigation. This case has a long sordid history and for brevity sake, culminated in a litany of unopposed judgments against Mr. Pardo between February 2016 and August 2016. Ultimately resulting a settlement agreement

between the Trustee's Counsel, Joseph Zapata, Jr., Esq., and Michael Brucki, Esq. outside Mr. Pardo's presence and with his consent in late summer of 2016.

I continued working with Mr. Brucki until January 2, 2016, when I was returning from winter break in Florida and was involved in a very serious car accident in Maryland on Interstate 95 North and I broke my arm and had surgery. Following my car accident, Mr. Pardo contacted me to check and see how I was recovering and for help with his case. Mr. Pardo stated to me that he asked Mr. Brucki to allow me to continue helping with his case but Mr. Brucki stated to him that he hired someone else and that person would be working with Mr. Pardo instead of me. Prior to January 2016, Mr. Pardo never had a money judgment ever entered against him by this Court.

I informed Mr. Brucki and his family/staff of my car accident immediately after it happened. Mr. Brucki never spoke with me immediately following my accident but texted me that he would call me back and Mrs. Brucki stated the same, but both only called months later after I moved back to Florida when they needed help with several other bankruptcy and civil cases. Mr. Brucki stated to me that he fired my replacement that was working on Mr. Pardo's case and offered me a significant amount of money to return to my old job with his firm. In early October 2016, I moved back to New Jersey from Florida and resumed my employment with Mr. Brucki's firm, the transcript of Mr. Brucki's deposition the Trustee attached to his instant motion, notwithstanding.

Upon my return Mr. Pardo contacted me about the status of his case and stated to me that he was receiving conflicting messages from Mr. Brucki and his staff, namely Garrett Fruchtman, Esq., pertaining to a purported settlement agreement in this case. In short, Mr. Pardo and I belatedly learned Mr. Brucki and Mr. Zapata went on the record while Mr. Pardo was sitting in the conference room down the hall and memorialized a settlement without Mr. Pardo's knowledge. Mr. Pardo stated he had no idea Mr. Brucki and Mr. Zapata even were in the Courtroom without him and if known, would have liked to participate.

After learning of the above, the Pardo Family vehemently opposed this settlement because it included real estate that the Trustee eventually conceded in a subsequent "*Notice of Proposed Compromise or Settlement of Controversy*" and the accompanying "*Notice of Proposed Abandonment*", wherein the Trustee "*agreed to abandon the estates legal interest in this condo unit in light of the facts supporting the Pardo' claim that they held a 100% equitable interest in this condo unit. See Dkt#171*", see docket entry no. 174. Naturally, this later negated settlement between Mr. Brucki and Mr. Zapata caused turmoil and animosity among the Pardo family members, forcing my intervention once I returned from Florida and resulted in the foregoing.

Most recently, after I appeared before Your Honor in November 2019, in furtherance of the Court's directive, Mr. Pardo and I made substantial efforts to comply with providing the Trustee as much financial information as available. Including, but not limited to Mr. Pardo paying extra accounting fees to expedite supplying the Trustee with financials and other responsive materials to the Trustee's request for production. Thus, Mr. Pardo has substantially complied with the Court's November 2019 Order, with the exception of in person contact as prohibited by governmental Executive Orders and COVID-19 safety precautions.

Very sadly, following the November 2019 motion hearing and Mr. Pardo's document production, the world has been devasted by the COVID-19 pandemic and New Jersey and New York became the U.S. epicenter. I live on the Jersey City waterfront and frequently am in New York City, caught the virus and became sicker than I could have ever imagined, however, I'm doing better now and so grateful is was not even worse. And I will continue to work diligently to assist Mr. Pardo and satisfy any required outstanding discovery.

This may not be the most lawyerly letter I've ever submitted to this Court or others, but it is all true and in the interests of justice, the factual contents must be acknowledged, and Mr. Pardo permitted his day in Court. In fact, Mr. Pardo wishes to address the Court and I strongly encourage Your Honor to please allow Mr. Pardo to be heard and Order a plenary hearing, so this 2013 case could actually be concluded. In the alternative, there will only be further litigation that will probably continue for another decade.

It should also be noted I have worked very hard to settle this case and even enlisted the assistance of mutual colleagues of Joseph Zapata, Jr., Esq.'s and mine from Wilentz, Goldman & Spitzer, P.C. These colleagues such as Russell Fishkind, Esq., Timothy Dengler, Esq. and Ronald P. Colicchio, Esq., among others, developed excellent working relationships with Mr. Zapata and I since 2004, when we worked there together. Hopefully, they would've been very helpful resolving this case, as a favor to us nonetheless, but that mediation attempt was reject by the Trustee and never materialized. Mr. Pardo now has new counsel and I'm optimistic reasonable minds will prevail and Mr. De Pierro and Mr. Kartzman can resolve this case in the best interests of all parties, including the Estate, without more litigation.

Over the course of the better part of the past decade, I've come to know Mr. Pardo and his family well and these are not nefarious people and do not deserve this. Mr. Pardo's cousin is even the Chief of the City of Elizabeth Police Department. I've also come to know the Trustee, Mr. Kartzman, well too, and while I understand he is administering this Estate, these proposed sanctions against Mr. Pardo are quite frankly unfair, unwarranted and unconscionable. Mr. Pardo should have never filed for bankruptcy and it is a real shame what unnecessarily happened in this case.

This is partly why I am begging Your Honor to please grant Mr. Pardo some relief and allow Mr. De Pierro and Mr. Kartzman to conference prior to any adverse Orders being entered against Mr. Pardo. Should Your Honor have any questions or concerns, please do not hesitate to contact the undersigned at the Court's earliest convenience. Your Honor's time and courtesies in this matter are appreciated.

Respectfully Submitted,

Anthony J. Napoleon

cc:    Anthony Pardo
       Michael Brucki, Esq.
       Steven Kartzman, Esq.
       Giovanni De Pierro, Esq.
       Joseph R. Zapata, Esq.
       Judah Loewenstein, Esq.

Encl.

Law Offices

# Michael G. Brucki, Esq.

A Limited Liability Company

Michael G. Brucki

Alexander J. Frankiewicz, J.D.

425 North Wood Avenue
Linden, New Jersey 07036

Tel. (908) 486-0027
Fax. (908) 587-0177

May 17, 2019

***VIA CERTIFIED MAIL R.R.R.***
***& EMAIL TO: JLOWENSTEIN@MSKLAW.NET***
Judah B. Lowenstein, Esq.
Mellinger, Sanders & Kartzman, LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950

> **RE:**   **I/M/O Anthony Pardo, Chapter 7 Debtor**
> **Case No. 13-17762-JKS**
> **Josephine Pardo and Rocco Pardo v. Steven P. Kartzman, et al.**
> **Adv. Case No. 17-1259-JKS**

Dear Mr. Lowenstein:

This law firm represents the Debtor, Mr. Anthony Pardo, regarding the above referenced matter and I'm assisting Mr. Brucki with this case.

In that capacity, we belatedly received your May 3rd letter and information subpoena pertaining to a judgment for thirty thousand dollars ($30,000.00) originating out of the U.S. Bankruptcy Court, District of New Jersey. This judgment was obtained by the Trustee, Steven Kartzman, Esq., against the Debtor individually, albeit relates to the same premises and interrelated issues that were the subject of the above adversarial proceeding.

As you're aware, prior to the entry of the judgment, the Trustee was claiming the premises located at 123 Colonial Court, Galloway Township, Atlantic County, New Jersey (*hereinafter "Premises"*) was owned by and a part of the bankruptcy Estate. Subsequently, your firm prepared a Consent Order memorializing a purported agreement between the Debtor and the Trustee on behalf of the Estate. That consent order provides, *inter alia*, that the Estate would execute a Deed abandoning and relinquishing its interest in the premises in exchange for twenty thousand dollars ($20,000.00). And, that Mr. Kartzman would not object to Mr. Pardo receiving a discharge in this 2013 case, after the money was paid.

After the Debtor reviewed the proposed order, his counsel advised the Trustee these terms were unacceptable, and the Debtor could not possibly sign same in its current form. Especially, since the premises did not belong to him and he had no guarantee he would even receive a discharge in exchange for the twenty thousand dollars ($20,000.00), he'd be paying to the Trustee. Naturally, Mr. Pardo did not sign the Trustee's proposed consent order.

425 North Wood Avenue, Linden, New Jersey 07036  Tel. (908) 486-0027 - Fax: (908) 587-0177

 HANDICAPPED
ACCESSIBLE

Next, in March 2017 the Owners of the premises, Mr. Rocco Pardo and Mrs. Josephine Pardo, filed a complaint relating to the disposition of the premises in the Superior Court of New Jersey, Atlantic Vicinage, bearing docket no. ATL-C-23-17. This complaint was later transferred to the U.S. Bankruptcy Court, District of New Jersey as an adversarial proceeding and assigned case no. 17-1259-JKS, see docket entry nos. 168 and 169.

Ultimately, the aforesaid matter settled and the Trustee submitted a "*Notice of Proposed Compromise or Settlement of Controversy*" and the accompanying "*Notice of Proposed Abandonment*", stating the Trustee "*agreed to abandon the estates legal interest in this condo unit in light of the facts supporting the Pardo' claim that they held a 100% equitable interest in this condo unit. See Dkt#171*", see docket entry no. 174.

I note preliminarily that Mr. Pardo has complied with an overwhelming litany of requests from the Trustee and has well earned a discharge in this matter. The judgment the Trustee is now seeking to enforce clearly arises from an agreement relating to the Premises that was never consummated between the parties and was also the subject of an ancillary litigation.

Furthermore, the Trustee acknowledged the Premises was never a part of the bankruptcy Estate and therefore not subject to creditors. Accordingly, any judgment obtained against the Debtor pertaining to the Premises must be held in abeyance pending a hearing with the Debtor present.

Neither you nor the Trustee, individually or acting together, ever had or presently have the ability to act in the manner described by you, your letter of May 3rd to the contrary notwithstanding. It is also equally clear that the Estate's determination regarding the enforceability of this debt reflected in your May 3rd letter is void and of no force meaning or effect.

You are hereby formally advised that Mr. Pardo is in the process of filing a motion, among other things, to vacate this judgment together with any ancillary orders originating from the issue of ownership to the Premises. Consequently, please accept this correspondence as the response to your request that Mr. Pardo complete an information subpoena in furtherance of this debt or be subject to arrest.

Lastly, in a final effort to avoid protractive litigation, the undersigned believes at the earliest mutually convenient time, a meeting between the parties and their respective representatives and counsel is in their best interests and very much in order. Please advise when and where such a meeting can take place. Absent an early and acceptable response to the foregoing and these requests, however, Mr. Pardo will have little alternative other than to take the appropriate steps to protect his rights. These steps may include, but not limited to, the commencement of another action to a Court of competent jurisdiction pertaining to the Premises.

Yours truly,

Anthony J. Napoleon

cc:    The Hon. John K. Sherwood, U.S.B.J.
       Mr. Anthony Pardo

AJ Napoleon
P.O. Box 685
Parlin, New Jersey 08859
Ph. (201) 214.5574
Email: AJ278@aol.com

August 29, 2019

*VIA EMAIL ONLY TO: KARTZLAW@OPTONLINE.NET*
Steven P. Kartzman, Esq.
Mellinger, Sanders & Kartzman, LLC
101 Gibraltar Drive
Suite 2F
Morris Plains, New Jersey 07950

> Re:    **I/M/O Anthony Pardo, Chapter 7 Debtor**
> **Case No. 13-17762-JKS**
> **Josephine Pardo and Rocco Pardo v. Kartzman, et al.**
> **Adv. Case No. 17-1259-JKS**

Dear Mr. Kartzman:

As you're aware, I'm Mr. Pardo's agent in relation to the above matter. (Ex. **A**) In that capacity, the Pardos' and I have supplied you with a plethora of materials responsive to your litany of discovery requests, which previously resulted in the estate's forfeiture of its' major asset. (Ex. **B**) This letter is being sent to memorialize yesterday's meeting and ask you voluntarily renounce your title as Trustee of the Estate.

In furtherance of my May 8th letter and your subsequent request, I spent several hours traveling to your office in Morris Plains, New Jersey to finalize a global settlement of this 2013 case, avoiding judicial intervention. To further satisfy any of your potential concerns, I brought additional copies of complete responses to your discovery requests. Together with any other information that could be necessary to finalize your duties as Trustee.

After my arrival, you left me in the waiting room and ignored me as you walked past me for over an hour, until I was finally able to speak with Mr. Lowenstein and Mr. Zapata. As you overheard, Mr. Zapata and I have mutual colleagues dating back to 2006 from Wilentz, Goldman & Spitzer, P.A. To further try and appease you, I requested the Wilentz firm's assistance mediating your claim(s), as opposed to more unnecessary protractive litigation, which you've rejected.

Furthermore, as I advised you prior to yesterday's meeting, Mr. Pardo is experiencing medical issues and was only able to participate in yesterday's discussions telephonically. However, to avoid any delay in responding to your demands, I brought my original Power of Attorney with all the information you requested. And, agreed to submit to a deposition on Mr. Pardo's behalf, which you rejected as well.

While typically reasonable minds prevail and these matters timely resolved, you simply elected to attack me for trying to help. And, vehemently insisted you will have Mr. Pardo jailed for not appearing in your office yesterday, instead of engaging in good faith meaningful settlement negotiations.

In light of the foregoing, and since you adamantly insist on vindicating your own personal interests in the estate to the detriment of the interested parties, it is improper for you to continue serving as Trustee. Absent an early and acceptable response to this request, Mr. Pardo will have no alternative other than to take the appropriate steps to protect his rights. These steps include, but not limited to, pursuing your removal with the Courts and the Office of the U.S. Trustee.

Yours truly,

AJ Napoleon

cc:    The Hon. John K. Sherwood, U.S.B.J.
       Mr. Anthony Pardo
       Mr. Michael G. Brucki, Esq.
       Mr. Giovanni De Pierro, Esq.
       Mr. Joseph R. Zapata, Esq.
       Mr. Judah Loewenstein, Esq.
Encl.

# Exhibit A

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS:

That I, Anthony Pardo, (hereinafter the "*Principal*" in this instrument) residing at 235 Rahway Avenue, in the City of Elizabeth, County of Union and State of New Jersey designate Anthony J. Napoleon, as my attorney-in-fact and agent (hereinafter the "*Agent*" in this instrument) in my name and for my benefit:

1. General Grant of Power. To exercise or perform any act, power, duty, right or obligation whatsoever that I now have or may later acquire, relating to any person, matter or transaction, including, without limitation, the power and authority to do everything necessary in exercising any of the powers granted in this instrument as fully as I might or could do if personally present, with full power of substitution or revocation. I, by this instrument, ratify and confirm all that my Agent shall lawfully do or cause to be done by virtue of this Power of Attorney and the powers herein granted. Without in any way limiting the generality of the foregoing, I grant my Agent the following powers:

a. Powers of Collection and Payment. To forgive, request, demand, sue for, recover, collect, receive, hold any sums of money, debts, dues, commercial paper, checks, drafts, accounts, deposits, legacies, bequests, devises, notes, interests, stock certificates, bonds, dividends, certificates of deposit, annuities, pensions, profit sharing, retirement, Social Security, insurance and other contractual benefits and proceeds, all documents of title, all property, real or personal, intangible property and property rights, and demands whatsoever, liquidated or unliquidated, now or later owned by, or due, owing, payable or belonging to me or in which I have or may later acquire an interest; to have, use, and take all lawful means and equitable and legal remedies and proceedings in my name for the collection and recovery thereof, and to adjust, sell, compromise, and agree for the same, and to execute and deliver for me, on my behalf, and in my name, all endorsements, releases, receipts, or other sufficient discharges for the same.

b. Business Interests. To conduct or participate in any lawful business of whatever nature for me in my name; execute partnership agreements and amendments thereto; incorporate or dissolve any business; elect or employ officers, directors, and agents; carry out the provisions of any agreements for the sale of any business interest or the stock therein; and exercise voting rights with respect to stock, either in person or by proxy, and exercise stock options.

c. Litigation. To represent me in any and all matters requiring representation in any Municipal, State or Federal court proceeding, including authority to file claims on my behalf and to answer and defend claims against me.

2. <u>Takes Effect Regardless of Disability.</u> This Power of Attorney shall not be affected by subsequent disability or incapacity of the principal, or lapse of time.

3. <u>Third-Party Reliance.</u> Third parties may rely upon the representations of my Agent as to all matters relating to any power granted to my Agent, and no person who may act in reliance upon the representations of my Agent or the authority granted to my Agent shall incur any liability to me or my estate as a result of permitting my Agent to exercise any power. Any third party may rely on a duly executed counterpart of this instrument, or a copy certified by my Agent to be a true copy of the original of this instrument, as fully and completely as if such third party had received the original of this instrument.

4. <u>Revocation.</u> I revoke all of my previous Powers of Attorney and direct that said previous powers of attorney shall have no legal effect, even though an original or copy may still be in existence.

5. <u>Interpretation and Governing Law.</u> This instrument is to be construed and interpreted as a Power of Attorney. The enumeration of specific powers in this instrument is not intended to, nor does it, limit or restrict the general powers granted in this instrument to my Agent. This instrument is executed and delivered in the State of New Jersey, and the laws of the State of New Jersey shall govern all questions as to the validity of this power and the construction of its provision.

IN WITNESS WHEREOF, I have set my hand and seal to this instrument on _____June  17_____, 2019.

Witness:

_____ Christian Brito

_____
Anthony Pardo, Principal

STATE OF NEW JERSEY}
                              ss:
COUNTY OF Union     }

I certify that on June 17 2019_____, 2019 Anthony Pardo personally came before me and acknowledged under oath, to my satisfaction, that he a) is named in and personally signed this document; and b) signed, sealed and delivered this document as his act and deed.

_____ Karen Delgado
NOTARY PUBLIC

Page 2 of 2

KAREN DELGADO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 22, 2023

# Exhibit B

Law Offices

# Michael G. Brucki, Esq.

### A Limited Liability Company

Michael G. Brucki

Alexander J. Frankiewicz, J.D.

425 North Wood Avenue
Linden, New Jersey 07036

Tel. (908) 486-0027
Fax. (908) 587-0177

May 17, 2019

*VIA CERTIFIED MAIL R.R.R.*
*& EMAIL TO: JLOWENSTEIN@MSKLAW.NET*
Judah B. Lowenstein, Esq.
Mellinger, Sanders & Kartzman, LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950

> RE: **I/M/O Anthony Pardo, Chapter 7 Debtor**
> **Case No. 13-17762-JKS**
> **Josephine Pardo and Rocco Pardo v. Steven P. Kartzman, et al.**
> **Adv. Case No. 17-1259-JKS**

Dear Mr. Lowenstein:

This law firm represents the Debtor, Mr. Anthony Pardo, regarding the above referenced matter and I'm assisting Mr. Brucki with this case.

In that capacity, we belatedly received your May 3rd letter and information subpoena pertaining to a judgment for thirty thousand dollars ($30,000.00) originating out of the U.S. Bankruptcy Court, District of New Jersey. This judgment was obtained by the Trustee, Steven Kartzman, Esq., against the Debtor individually, albeit relates to the same premises and interrelated issues that were the subject of the above adversarial proceeding.

As you're aware, prior to the entry of the judgment, the Trustee was claiming the premises located at 123 Colonial Court, Galloway Township, Atlantic County, New Jersey (*hereinafter "Premises"*) was owned by and a part of the bankruptcy Estate. Subsequently, your firm prepared a Consent Order memorializing a purported agreement between the Debtor and the Trustee on behalf of the Estate. That consent order provides, *inter alia*, that the Estate would execute a Deed abandoning and relinquishing its interest in the premises in exchange for twenty thousand dollars ($20,000.00). And, that Mr. Kartzman would not object to Mr. Pardo receiving a discharge in this 2013 case, after the money was paid.

After the Debtor reviewed the proposed order, his counsel advised the Trustee these terms were unacceptable, and the Debtor could not possibly sign same in its current form. Especially, since the premises did not belong to him and he had no guarantee he would even receive a discharge in exchange for the twenty thousand dollars ($20,000.00), he'd be paying to the Trustee. Naturally, Mr. Pardo did not sign the Trustee's proposed consent order.



Next, in March 2017 the Owners of the premises, Mr. Rocco Pardo and Mrs. Josephine Pardo, filed a complaint relating to the disposition of the premises in the Superior Court of New Jersey, Atlantic Vicinage, bearing docket no. ATL-C-23-17. This complaint was later transferred to the U.S. Bankruptcy Court, District of New Jersey as an adversarial proceeding and assigned case no. 17-1259-JKS, see docket entry nos. 168 and 169.

Ultimately, the aforesaid matter settled and the Trustee submitted a "*Notice of Proposed Compromise or Settlement of Controversy*" and the accompanying "*Notice of Proposed Abandonment*", stating the Trustee "*agreed to abandon the estates legal interest in this condo unit in light of the facts supporting the Pardo' claim that they held a 100% equitable interest in this condo unit. See Dkt#171*", see docket entry no. 174.

I note preliminarily that Mr. Pardo has complied with an overwhelming litany of requests from the Trustee and has well earned a discharge in this matter. The judgment the Trustee is now seeking to enforce clearly arises from an agreement relating to the Premises that was never consummated between the parties and was also the subject of an ancillary litigation.

Furthermore, the Trustee acknowledged the Premises was never a part of the bankruptcy Estate and therefore not subject to creditors. Accordingly, any judgment obtained against the Debtor pertaining to the Premises must be held in abeyance pending a hearing with the Debtor present.

Neither you nor the Trustee, individually or acting together, ever had or presently have the ability to act in the manner described by you, your letter of May 3rd to the contrary notwithstanding. It is also equally clear that the Estate's determination regarding the enforceability of this debt reflected in your May 3rd letter is void and of no force meaning or effect.

You are hereby formally advised that Mr. Pardo is in the process of filing a motion, among other things, to vacate this judgment together with any ancillary orders originating from the issue of ownership to the Premises. Consequently, please accept this correspondence as the response to your request that Mr. Pardo complete an information subpoena in furtherance of this debt or be subject to arrest.

Lastly, in a final effort to avoid protractive litigation, the undersigned believes at the earliest mutually convenient time, a meeting between the parties and their respective representatives and counsel is in their best interests and very much in order. Please advise when and where such a meeting can take place. Absent an early and acceptable response to the foregoing and these requests, however, Mr. Pardo will have little alternative other than to take the appropriate steps to protect his rights. These steps may include, but not limited to, the commencement of another action to a Court of competent jurisdiction pertaining to the Premises.

Yours truly,

Anthony J. Napoleon

cc:    The Hon. John K. Sherwood, U.S.B.J.
Mr. Anthony Pardo

# Exhibit C

Anthony John Napoleon
1919 Kennedy Boulevard
North Bergen, New Jersey 07047
Ph. (201) 214.5574
Email: AJ278@aol.com

January 28, 2020

**VIA EMAIL ONLY TO: KARTZLAW@OPTONLINE.NET**

Steven P. Kartzman, Esq.
Mellinger, Sanders & Kartzman, LLC
101 Gibraltar Drive
Suite 2F
Morris Plains, New Jersey 07950

<div style="margin-left:3em">

Re:    **I/M/O Anthony Pardo, Chapter 7 Debtor**
       **Case No. 13-17762-JKS**
       **Josephine Pardo and Rocco Pardo v. Kartzman, et al.**
       **Adv. Case No. 17-1259-JKS**

</div>

Dear Mr. Kartzman:

As you're aware, I'm Mr. Pardo's agent in relation to the above matter. In that capacity, I've retained two (2) law firms to assist adjudicating this case, De Pierro Radding, LLC and Camacho Gardner & Associates, LLP. Naturally, both firms require sufficient time to become acquainted with this 2013 file and must participate in Mr. Pardo's case going forward.

I was informed you may have chosen to schedule a deposition for Mr. Pardo on Wednesday, January 29th, however, am unclear of the location. Consequently, Mr. Pardo and I are assuming there is no deposition scheduled for tomorrow.

In furtherance of the Hon. John K. Sherwood, U.S.B.J.'s directive, please provide alternate dates and times with your availability so we may complete Mr. Pardo's deposition in a timely manner. I will be attending the deposition with Mr. Pardo and propose either of the following locations, whichever you prefer. If you object to my attendance, please advise in time to request to request the Court's direction.

| De Pierro Radding, LLC | Camacho Gardner & Associates, LLP |
|---|---|
| 317 Belleville Avenue | 1919 Kennedy Boulevard, 2nd fl. |
| Bloomfield, New Jersey 07003 | North Bergen, New Jersey 07047 |

Furthermore, collectively the Pardos' have supplied you with a plethora of materials responsive to your discovery requests. In the event you require any additional materials within the guidelines set forth at the Court's November 5, 2019 hearing, please supply an itemized list.

Should you have any questions or concerns, please do not hesitate to contact me at your convenience. Your time, and courtesies and anticipated cooperation are greatly appreciated.

Yours truly,

AJ Napoleon

cc:     The Hon. John K. Sherwood, U.S.B.J.
        The Hon. Marlene Lynch Ford, A.J.S.C.
        Anthony Pardo
        Giovanni De Pierro, Esq.
        Milagros Camacho, Esq.
        Donald L. Gardner, Esq.
        Joel A. Davies, Esq.
        Michael G. Brucki, Esq.
        Joseph R. Zapata, Esq.
        Judah Loewenstein, Esq.

# Exhibit D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

x- - - - - - - - - - - - - - - - - - x
IN THE MATTER OF:                    . Case No. 13-17762(JKS)
                                     . Chapter 7
   ANTHONY PARDO,                    . Newark, New Jersey
                                     .
        Debtor.                      .
                                     . November 5, 2019
- - - - - - - - - - - - - - - - - - -.

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor:            LAW OFFICES OF MICHAEL G. BRUCKI, LLC
                           BY:  MICHAEL G. BRUCKI, ESQ.
                                ANTHONY NAPOLEON
                           425 North Wood Avenue
                           Linden, NJ  07036

For the Trustee:           MELLINGER SANDERS & KARTZMAN LLV
                           BY:  JOSEPH R. ZAPATA, ESQ.
                           101 Gibraltar Drive
                           Morris Plains, NJ  07950

Electronic Court Reporter:        MaryDelsi Gonzalez

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**TRACY GRIBBEN TRANSCRIPTION, LLC**
859 Nutswamp Road
Red Bank, New Jersey 07701
**800 603-6212**
(732) 263-0044    **Fax No. 732-865-7179**
www.tgribbentranscription.com

1   because he's a lawyer I don't treat lawyers like second class

2   citizens.  I mean if Kartzman did the work, if they did the

3   papers, if they appeared in court, they deserve to be

4   compensated for their time and even if, even if the time is,

5   you know excessive by 10 percent or 15 percent or 20 percent,

6   they still deserve to get paid for their time and they're going

7   to get paid.  And if your guy can afford to pay them, he will.

8   If for the next 20 years, you know he struggles, you know I

9   hope that's not the case, but then he won't.

10          But all he has to do is disclose what he has along

11   the way.  I'm not going to, you know counsel you on what to do

12   down the road with this debt but it's there.  I mean it sounds

13   like, it sounds like you have, you know I don't want to

14   handicap it, but I think you have a good faith argument I'll

15   call it to argue under equity that the payment by the parents

16   of the 9,500 should be credited against the judgment even

17   though that's not spelled out in the papers.  From an equitable

18   standpoint I think I see your point.

19          MR. BRUCKI:  Thank you.

20          THE COURT:  But that still means you owe over 20,000

21   and that's going to be there, all right?  Is there anything

22   else that we can accomplish today?

23          MR. ZAPATA:  Your Honor, I'm assuming Your Honor

24   wanted the order.

25          THE COURT:  Well, let me look at the order first.

1   potentially less 9,500 paid by the parents but that issue is

2   open and the trustee and Mr. Pardo reserve all rights on that

3   issue.  I'm not going to litigate that today.  Again, I think

4   if Mr. Pardo paid 20,000, the trustee would be ecstatic and

5   walk away from this thing but that's just me.

6           All right, so we'll mark up the order and we're going

7   to change, Connor, change paragraph two to make the deposition

8   20 days and then strike paragraph three and put in a paragraph

9   saying that the trustee is awarded $500 for the cost of

10  bringing the motion.  Is there anything else we can do?

11          MR. ZAPATA:  No, that's it, Your Honor.

12          MR. BRUCKI:  No, not at this time.

13          THE COURT:  Okay, good luck, guys and good luck to

14  you, Mr. Pardo.  I hope things pick up for you down the road,

15  all right?  The Court is in recess.

16          MR. ZAPATA:  Thank you, Your Honor.

17          THE COURT:  So you'll submit that order to me with

18  those changes?

19                              *****

20

21

22

23

24

25

36

C E R T I F I C A T I O N

3    I, Tracy Gribben, court approved transcriber, certify

4  that the foregoing is a correct transcript from the official

5  digital audio recording of the proceedings in the above-

6  entitled matter.


8  /S/TRACY GRIBBEN


10  TRACY GRIBBEN TRANSCRIPTION, LLC    January 17, 2020

11                                                DATE