UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004

Giovanni De Pierro, Esq.
DE PIERRO RADDING, LLC
317 Belleville Avenue
Bloomfield, New Jersey 07003
Ph. (973) 748-7474
Attorneys for Anthony Pardo,
Chapter 7 Debtor

In Re:

ANTHONY PARDO,

             Debtor.

Chapter: 7

Case No. 13-17762 (JKS)

Hearing Date: November 17, 2020

Judge: The Hon. John K. Sherwood, U.S.B.J.

I, Giovanni De Pierro, being of full age and duly sworn upon my oath, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and Attorney for the Debtor, Anthony Pardo, (*the "Debtor" or "Mr. Pardo"*).

2. As such, I have been entrusted with the management of the above matter and have actual knowledge of the facts as set forth herein. I am making this certification in support of the Debtor's Motion for reconsideration and vacation of the Court's October 19, 2020 Order sanctioning the Debtor, Mr. Pardo, for alleged failure to comply with alleged discovery requests amid the global COVID-19 pandemic. A copy of the Court's October 19, 2020 Order sanctioning Mr. Pardo one hundred dollars ($100.00) per day is annexed hereto as Exhibit "**A**".

3. This tortured 2013 case was filed by former counsel, Michael G. Brucki, Esq., who continued to represent the Debtor until February 25, 2020, despite the Debtor terminating Mr. Brucki's services months earlier. A copy of the undated Substitution of Attorney our firm received on February 25, 2020 from Mr. Brucki is annexed hereto as Exhibit "**B**".

4. After being terminated as counsel, Mr. Brucki refused to execute the Substitution of Attorney and transfer the Debtor's file to our firm. Thus, preventing our firm from being able to effectively represent the Debtor.

5. In fact, after a litany of demands for Mr. Brucki to cease and desist from acting on the Debtor's behalf, on January 29, 2020, Mr. Brucki simply elected to ignore the Debtor's right to alternate counsel, traveled to Mr. Kartzman's office and was deposed by the Trustee instead of the Debtor.

6. Over the course of Mr. Brucki's deposition, Mr. Brucki, committed perjury specifically by stating on page 5, lines 13 through 18 of the transcript, that "*Mr. Kartzman: Okay. Mr. Napoleon is not an employee of your office?*", "*Mr. Brucki: He is not*", "*Mr. Kartzman: is he authorized to act on behalf of your office?*", "*Mr. Brucki: No, he's not.*" A copy of the January 29, 2020 transcript, which the Trustee relies in support of sanctioning the Debtor is annexed hereto as Exhibit "**C**".

7. As the Court is aware, there have been correspondence entered on the Court's docket, authored and executed by Mr. Napoleon on Mr. Brucki's letterhead. A copy of Mr. Napoleon's May 17, 2019 filed letter to Mr. Kartzman on this Court's docket is annexed hereto as Exhibit "**D**", *see docket no. 181*.

8. Moreover, Mr. Napoleon appeared with Mr. Brucki before this Court on November 5, 2019 and clearly was authorized to act on behalf of Mr. Brucki's office.

9. Prior to Mr. Brucki's January 29, 2020 deposition and as the Trustee and Mr. Brucki acknowledge, Mr. Napoleon specifically informed the Trustee that Mr. Pardo had "*retained De Pierro Radding, LLC*" to represent the Debtor in this case going forward.

10. And in the same letter, Mr. Napoleon further stated, "*In furtherance of the Hon. John K. Sherwood, U.S.B.J.'s directive, please provide alternate dates and times with your availability so we may complete Mr. Pardo's deposition in a timely manner.*" A copy of Mr. Napoleon's letter to the Trustee is annexed hereto as Exhibit "**E**".

11. Accordingly, the Trustee and Mr. Brucki were well aware the Debtor retained alternate counsel, would not be attending a deposition on January 29, 2020 and requested the Trustee's availability to schedule Mr. Pardo's deposition.

12. Mr. Napoleon did not receive a response from the Trustee, who could have assisted with coordinating the Debtor's deposition but did not.

13. Once our firm finally received the Substitution of Attorney from Mr. Brucki, same was filed on the docket forthwith on February 25, 2020, *see docket entry no. 198.*

14. However, in March 2020, immediately following our firm's substitution into the case, the Federal Government and State of New Jersey were forced to close most businesses because of the COVID-19 pandemic and ongoing public health crisis.

15. In light of the above, our office was forced to remain closed until late July 2020 and to increase our firm's technological capabilities which required extensive upgrades.

16. This upgrade was necessary so that our firm has the technology to accommodate and adapt to the new unconventional virtual environment and format. And, since our firm was not the only business that was forced to alter the way it operates and conducts business, this process took a significant amount of time due to equipment shortages, training and was only recently completed.

17. In addition to the foregoing, in support of the Trustee's motion, the Trustee relies upon one (1) email to the undersigned during the COVID-19 governmental shutdown during the pandemic to justify sanctioning the Debtor in the amount of twenty six thousand one hundred dollars ($26,100.00).

18. The first I learned of the Trustee's email, was after it was included in the Trustee's motion as an exhibit and never received any such email. In the event I had received the Trustee's email then, our firm would have been able to mitigate the situation rendering the Trustee's motion for sanctions moot and unnecessary. Furthermore, the Trustee's counsel could have contacted our firm to confirm receipt as opposed to waiting a full five (5) months to file a motion to impose sanctions on the Debtor.

19. The Debtor is now forced to seek relief under Fed. R. Bankr. P. 2024, R. 60(b) which provides in pertinent part that, "*On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; .... Or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Because "[r]elief under Rule 60(b)(6) is available only 'upon a showing of exceptional circumstances.'*"

20. Analyzing the term "*excusable neglect*" in the context of Rule 9006(b), the Supreme Court, in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, has held that "*the determination [of excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.*" Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

21. The Supreme Court singled out four (4) factors to which Courts should give particular attention: "*the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith*" *See id.; see also* 10 COLLIER ON BANKRUPTCY § 9024.05.

22. Certainly, the COVID-19 pandemic was out of the Debtor's control, which was compounded by prior Counsel's refusal to allow the Debtor to select and cooperate with alternate counsel among other factors. Thereby, warranting relief from the October 19, 2020 judgment and the vacation of same.

**WHEREFORE**, the undersigned requests that the Court enter an Order vacating its October 19, 2020 Order sanctioning the Debtor one hundred dollars ($100.00) per day during the pendency of the COVID-19 pandemic; and such other relief as the Court deems proper and just.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully Submitted,

Dated: 10-20-2020

/s/ Giovanni De Pierro
Giovanni De Pierro

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

Anthony Pardo,

                    Debtor.

Order Filed on October 19, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.:    13- 17762-JKS

Chapter:    7

Judge:    Hon. John K. Sherwood

### ORDER ENFORCING THE COURT'S ORDER OF NOVEMBER 5, 2019 AND ENTERING JUDGMENT AGAINST ANTHONY PARDO FOR SUM CERTAIN

The relief set forth on the following page is hereby **ORDERED**.

DATED: October 19, 2020

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2

| | |
|---|---|
| Debtor: | Anthony Pardo |
| Case no.: | 13-17762-JKS |
| Caption of Order: | Order Enforcing The Court's Order of November 5, 2019 and Entering Judgment Against Anthony Pardo for Sum Certain |

**THIS MATTER** having been brought before the Court by motion of Steven P. Kartzman, the court-appointed Chapter 7 Trustee (the "Trustee"), by and through counsel, Mellinger Kartzman LLC, for entry of an Order and Judgment enforcing the Court's Order of November 5, 2019 (the "Motion"); and it appearing that notice of the Motion has been duly served upon the parties concerned; and the Court having considered the pleadings in support of the Motion; and the Court having considered opposition to the Motion, if any;[1] and good and sufficient cause existing for entering the within Order; it is hereby

**ORDERED AS FOLLOWS**:

1. Based upon sanctions imposed by Order entered November 5, 2019, and accrued as of August 7, 2020, Judgment be, and is hereby, entered in favor of the Trustee and against Anthony Pardo in the sum of $26,100.

2. The Trustee shall serve a copy of this Judgment on all interested parties within five (5) days from the date of entry.

---

[1] The Court has seen various correspondence filed by both Debtor's counsel and counsel to the Trustee following the hearing, but will not consider them because they are improper and untimely. The Court will consider the cross-motion filed by the Debtor on October 13, 2020 during the hearing scheduled for November 10, 2020. If the Debtor has good faith basis to seek relief from this Judgment or any other Order of the Court, he must follow the procedures set forth in the Bankruptcy Rules.

# Exhibit B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____
Caption in Compliance with D.N.J. LBR 9004-1(b)

Giovanni De Pierro, Esq.
De Pierro Radding, LLC
317 Belleville Avenue
Bloomfield, New Jersey 07003
Ph. (973) 748-7474
Fax. (973) 748-0765
Attorneys for the Debtor,
Anthony Pardo

| | |
|---|---|
| In Re: | Case No.: ___13-17762-JKS___ |
| | Chapter: _____7_____ |
| I/M/O Anthony Pardo, Chapter 7 Debtor | Judge: ___John K. Sherwood___ |

## NOTICE OF SUBSTITUTION OF ATTORNEY

Under D.N.J. LBR 9010-2, the undersigned notifies the Court that ___Giovanni De Pierro, Esq.___

will be substituted as attorney of record for ___Anthony Pardo___, ___Chapter 7 Debtor___ in this

case. [1]

Date: _____        _____
                                        Signature of Former Attorney

Date: _2/25/20_____        _____
                                        Signature of Substituted Attorney[2]

*rev.8/1/16*

----

[1] The client's name and role in the case must be clearly stated. For example, ABC Company, creditor, or John Smith, debtor.

[2] Under D.N.J. LBR 9010-2(b), unless another attorney is substituted, an attorney may not withdraw an appearance except by motion.

# Exhibit C

```
                                                              1

1                      UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF NEW JERSEY
2

3
        ----------------------------
4       IN RE:                      :
                                    :
5                                   :          STATEMENT
        STEVEN P. KARTZMAN, as      :
6       Chapter 7 Trustee,          :       ON THE RECORD
                                    :
7                     Plaintiff,    :
                                    :
8                vs.                :
                                    :
9       PARDO,                      :
                                    :
10                     Debtor.      :
        ----------------------------
11

12

13            T R A N S C R I P T of deposition taken by

14    and before ALISON GULINO, a Certified Court Reporter,

15    Registered Professional Reporter and Notary Public of

16    the State of New Jersey, authorized to administer

17    oaths pursuant to R.S. 41:2-1, at MELLINGER, SANDERS &

18    KARTZMAN, LLC, 101 Gibraltar Drive, Suite 2F, Morris

19    Plains, New Jersey 07950, on Wednesday, January 29,

20    2020, commencing at 2:50 p.m.

21

22

23            QUICK COURT REPORTING, LLC
                      47 BRIAN ROAD
24         WEST CALDWELL, NEW JERSEY 07006
                    (973) 618-0872
25         office@quickreporters.com
```

2

```
1    A P P E A R A N C E S:

2

3            MELLINGER, SANDERS & KARTZMAN, LLC
             101 Gibraltar Drive, Suite 2F
             Morris Plains, New Jersey 07950
4            BY: STEVEN P. KARTZMAN, ESQ.
                 (skartzman@msklaw.net)
5            Attorney for the Trustee

6

7            LAW OFFICES OF MICHAEL G. BRUCKI, LLC
             425 No. Wood Avenue
8            Linden, New Jersey 07036
             BY: MICHAEL G. BRUCKI, ESQ.
9                (office@bruckilaw.com)
             Attorney for the Debtor

10

11   A L S O    P R E S E N T:

12           JUDAH B. LOEWENSTEIN, ESQ.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1      MR. KARTZMAN:  Okay.  So we will put

2   appearances on the record today, which is January 29,

3   2020.  We are at the law offices of Mellinger

4   Kartzman, attorneys for the trustee.  It is January

5   29, 2020 and it's 2:50 p.m.

6      Seated to my right is Judah Loewenstein,

7   an associate in the office who was going to take Mr.

8   Pardo's deposition today, and across the table is Mr.

9   Brucki, who is Mr. Pardo's attorney.

10      I'll put a short amount of the history on

11   the record today to preserve it:  By way of an order

12   entered on November 5, 2019, Mr. Pardo was to produce

13   certain documents and appear for a deposition and time

14   periods were set to be ten days after the entry of the

15   order, which was November 5th for the documents, and

16   20 days after the entry of the order on November 5th

17   for the deposition so both of those time periods would

18   have passed on November 26th.

19      On December 5th, Judah Loewenstein of my

20   office sent an e-mail to Mr. Brucki reiterating that

21   the dates had passed and asking for documents, asking

22   for a deposition date.

23      On January 15, 2020, Mr. Brucki, by e-

24   mail, provided available dates the week of January

25   27th, and on January 16th, Mr. Loewenstein confirmed a

4

1   deposition for 2:00 p.m. on January 29, 2020.

2                    Mr. Brucki, is that accurate so far?

3                    MR. BRUCKI:  It is; it is accurate.  I

4   was in communication with my client by e-mail.  I'm

5   looking at the dates of those e-mails, so the last

6   correspondence I've had, there was an e-mail from my

7   client advising me to set it up for the week of the

8   27th.  That's when I went back to you guys and we did

9   set it up for this week.  There was an e-mail coming

10  back from my office confirming --

11                   On January 21st, we reconfirmed with Mr.

12  Pardo setting that the deposition is scheduled for

13  2:00 p.m. on the 29th, as he asked us to confirm the

14  date.  We did.  My office made our schedule available

15  today and I am here today under that basis, as we

16  agreed.

17                   MR. KARTZMAN:  So as you just stated, Mr.

18  Pardo was aware of today's date.

19                   MR. BRUCKI:  Yes.

20                   MR. KARTZMAN:  And he's aware of the

21  order that was entered on November 5th because he was

22  in court that day and because you provided him with a

23  copy of the order.

24                   MR. BRUCKI:  Yes.  He was in court and

25  there was also -- the consequences were reiterated in

5

1    my e-mails back and forth as well to make sure that

2    happened, so yes, he was aware.  He was in court.

3              MR. KARTZMAN:  Okay.  And your

4    understanding was he was going to be here today at

5    2:00?

6              MR. BRUCKI:  Yes.  Up until I received an

7    e-mail last night that we all did but I knew this was

8    scheduled and we had made accommodations for this

9    time.

10             MR. KARTZMAN:  The e-mail you are

11   referring to is from an A.J. Napoleon?

12             MR. BRUCKI:  Correct.

13             MR. KARTZMAN:  Okay.  Mr. Napoleon is not

14   an employee of your office?

15             MR. BRUCKI:  He is not.

16             MR. KARTZMAN:  Is he authorized to act on

17   behalf of your office?

18             MR. BRUCKI:  No, he's not.

19             MR. KARTZMAN:  There are other e-mails

20   between Mr. Loewenstein and yourself or your office.

21   I'm not putting those on the record.  It may come up

22   in a certification we file down the line.  I just

23   wanted to confirm that you, obviously, were aware of

24   today's date because you are here and Mr. Pardo was

25   aware of today's date but he's not here and we will

6

1   pick it up from there with the court.

2            MR. BRUCKI:  Okay.

3            MR. KARTZMAN:  Thank you for coming.

4            MR. BRUCKI:  Thank you.

5         (The deposition concluded at 2:53 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

7

1                    C E R T I F I C A T E

2

3

4

5          I, ALISON GULINO, a Certified Court

6    Reporter, Registered Professional Reporter and Notary

7    Public of the State of New Jersey, authorized to

8    administer oaths pursuant to R.S. 41:2-1, do hereby

9    state that the foregoing is a true and accurate

10   verbatim transcript of my stenographic notes of the

11   within proceedings, to the best of my ability.

12

13

14

15

16

17

18

19

20

21

22

23   _____
     ALISON GULINO, CCR, RPR
24   NJ Certified Court Reporter
     License No. 30X100235500

25

# Exhibit D

Law Offices

# Michael G. Brucki, Esq.

### A Limited Liability Company

Michael G. Brucki                                                            Alexander J. Frankiewicz, J.D.

425 North Wood Avenue
Linden, New Jersey 07036

Tel. (908) 486-0027
Fax. (908) 587-0177

May 17, 2019

***VIA CERTIFIED MAIL R.R.R.***
***& EMAIL TO: JLOWENSTEIN@MSKLAW.NET***
Judah B. Lowenstein, Esq.
Mellinger, Sanders & Kartzman, LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950

> **RE:    I/M/O Anthony Pardo, Chapter 7 Debtor**
> **Case No. 13-17762-JKS**
> **Josephine Pardo and Rocco Pardo v. Steven P. Kartzman, et al.**
> **Adv. Case No. 17-1259-JKS**

Dear Mr. Lowenstein:

This law firm represents the Debtor, Mr. Anthony Pardo, regarding the above referenced matter and I'm assisting Mr. Brucki with this case.

In that capacity, we belatedly received your May 3rd letter and information subpoena pertaining to a judgment for thirty thousand dollars ($30,000.00) originating out of the U.S. Bankruptcy Court, District of New Jersey. This judgment was obtained by the Trustee, Steven Kartzman, Esq., against the Debtor individually, albeit relates to the same premises and interrelated issues that were the subject of the above adversarial proceeding.

As you're aware, prior to the entry of the judgment, the Trustee was claiming the premises located at 123 Colonial Court, Galloway Township, Atlantic County, New Jersey (*hereinafter "Premises"*) was owned by and a part of the bankruptcy Estate. Subsequently, your firm prepared a Consent Order memorializing a purported agreement between the Debtor and the Trustee on behalf of the Estate. That consent order provides, *inter alia*, that the Estate would execute a Deed abandoning and relinquishing its interest in the premises in exchange for twenty thousand dollars ($20,000.00). And, that Mr. Kartzman would not object to Mr. Pardo receiving a discharge in this 2013 case, after the money was paid.

After the Debtor reviewed the proposed order, his counsel advised the Trustee these terms were unacceptable, and the Debtor could not possibly sign same in its current form. Especially, since the premises did not belong to him and he had no guarantee he would even receive a discharge in exchange for the twenty thousand dollars ($20,000.00), he'd be paying to the Trustee. Naturally, Mr. Pardo did not sign the Trustee's proposed consent order.

425 North Wood Avenue, Linden, New Jersey 07036 · Tel. (908) 486-0027 · Fax: (908) 587-0177     HANDICAPPED ACCESSIBLE

Next, in March 2017 the Owners of the premises, Mr. Rocco Pardo and Mrs. Josephine Pardo, filed a complaint relating to the disposition of the premises in the Superior Court of New Jersey, Atlantic Vicinage, bearing docket no. ATL-C-23-17. This complaint was later transferred to the U.S. Bankruptcy Court, District of New Jersey as an adversarial proceeding and assigned case no. 17-1259-JKS, see docket entry nos. 168 and 169.

Ultimately, the aforesaid matter settled and the Trustee submitted a "*Notice of Proposed Compromise or Settlement of Controversy*" and the accompanying "*Notice of Proposed Abandonment*", stating the Trustee "*agreed to abandon the estates legal interest in this condo unit in light of the facts supporting the Pardo' claim that they held a 100% equitable interest in this condo unit. See Dkt#171*", see docket entry no. 174.

I note preliminarily that Mr. Pardo has complied with an overwhelming litany of requests from the Trustee and has well earned a discharge in this matter. The judgment the Trustee is now seeking to enforce clearly arises from an agreement relating to the Premises that was never consummated between the parties and was also the subject of an ancillary litigation.

Furthermore, the Trustee acknowledged the Premises was never a part of the bankruptcy Estate and therefore not subject to creditors. Accordingly, any judgment obtained against the Debtor pertaining to the Premises must be held in abeyance pending a hearing with the Debtor present.

Neither you nor the Trustee, individually or acting together, ever had or presently have the ability to act in the manner described by you, your letter of May 3rd to the contrary notwithstanding. It is also equally clear that the Estate's determination regarding the enforceability of this debt reflected in your May 3rd letter is void and of no force meaning or effect.

You are hereby formally advised that Mr. Pardo is in the process of filing a motion, among other things, to vacate this judgment together with any ancillary orders originating from the issue of ownership to the Premises. Consequently, please accept this correspondence as the response to your request that Mr. Pardo complete an information subpoena in furtherance of this debt or be subject to arrest.

Lastly, in a final effort to avoid protractive litigation, the undersigned believes at the earliest mutually convenient time, a meeting between the parties and their respective representatives and counsel is in their best interests and very much in order. Please advise when and where such a meeting can take place. Absent an early and acceptable response to the foregoing and these requests, however, Mr. Pardo will have little alternative other than to take the appropriate steps to protect his rights. These steps may include, but not limited to, the commencement of another action to a Court of competent jurisdiction pertaining to the Premises.

Yours truly,

Anthony J. Napoleon

cc:    The Hon. John K. Sherwood, U.S.B.J.
       Mr. Anthony Pardo

# Exhibit E

Anthony John Napoleon
1919 Kennedy Boulevard
North Bergen, New Jersey 07047
Ph. (201) 214.5574
Email: AJ278@aol.com

January 28, 2020

***VIA EMAIL ONLY TO: KARTZLAW@OPTONLINE.NET***
Steven P. Kartzman, Esq.
Mellinger, Sanders & Kartzman, LLC
101 Gibraltar Drive
Suite 2F
Morris Plains, New Jersey 07950

Re:    I/M/O Anthony Pardo, Chapter 7 Debtor
       Case No. 13-17762-JKS
       Josephine Pardo and Rocco Pardo v. Kartzman, et al.
       Adv. Case No. 17-1259-JKS

Dear Mr. Kartzman:

As you're aware, I'm Mr. Pardo's agent in relation to the above matter. In that capacity, I've retained two (2) law firms to assist adjudicating this case, De Pierro Radding, LLC and Camacho Gardner & Associates, LLP. Naturally, both firms require sufficient time to become acquainted with this 2013 file and must participate in Mr. Pardo's case going forward.

I was informed you may have chosen to schedule a deposition for Mr. Pardo on Wednesday, January 29th, however, am unclear of the location. Consequently, Mr. Pardo and I are assuming there is no deposition scheduled for tomorrow.

In furtherance of the Hon. John K. Sherwood, U.S.B.J.'s directive, please provide alternate dates and times with your availability so we may complete Mr. Pardo's deposition in a timely manner. I will be attending the deposition with Mr. Pardo and propose either of the following locations, whichever you prefer. If you object to my attendance, please advise in time to request to request the Court's direction.

| | |
|---|---|
| De Pierro Radding, LLC | Camacho Gardner & Associates, LLP |
| 317 Belleville Avenue | 1919 Kennedy Boulevard, 2nd fl. |
| Bloomfield, New Jersey 07003 | North Bergen, New Jersey 07047 |

Furthermore, collectively the Pardos' have supplied you with a plethora of materials responsive to your discovery requests. In the event you require any additional materials within the guidelines set forth at the Court's November 5, 2019 hearing, please supply an itemized list.

Should you have any questions or concerns, please do not hesitate to contact me at your convenience. Your time, and courtesies and anticipated cooperation are greatly appreciated.

Yours truly,

AJ Napoleon

cc:    The Hon. John K. Sherwood, U.S.B.J.
       The Hon. Marlene Lynch Ford, A.J.S.C.
       Anthony Pardo
       Giovanni De Pierro, Esq.
       Milagros Camacho, Esq.
       Donald L. Gardner, Esq.
       Joel A. Davies, Esq.
       Michael G. Brucki, Esq.
       Joseph R. Zapata, Esq.
       Judah Loewenstein, Esq.